### THE STATE, *Appellant*, v. TYRRELL.

1. **Pleading, Criminal: INDICTMENT : OWNERSHIP.** An indictment for burglary which alleges that the defendant " did feloniously and burglariously break into and enter a certain building of one Neal Barman, * * * the same being used and occupied by the said Neal Barman as a saloon," sufficiently charges the ownership of the building, and it is unnecessary to specify the ownership of the goods which it is alleged the accused intended to steal.

2. ———: ———: ———: **PRACTICE.** The gist of the offense is the breaking and entering the house with intent to steal, and although the ownership of the property is laid in a certain person, it is immaterial if, upon the trial, the property is shown to belong to another.

*Appeal from Andrew Circuit Court.*—HON. C. A. ANTHONY, Judge.

REVERSED AND REMANDED.

*John M. Wood*, Attorney General, for the State.

(1) The indictment is in the language of the statute and is sufficient. *State v. Ware*, 62 Mo. 597 ; *State v. Jones*, 63 Mo. 570 ; *State v. Davis*, 70 Mo. 467 ; *State v. Tissing*, 74 Mo. 72 ; *State v. Madden*, 81 Mo. 421. (2) The indictment sufficiently charges a breaking. 1 Whart. Crim. Law (9 Ed.) sec. 759, *et seq. ;* 1 Hale, 552 ; *State v. Tutt*, 63 Mo. 595. (3) It sufficiently charges the ownership of the building. 2 Bish. Crim. Proc., secs. 39, 139 ; *Bell v. State*, 20 Wis. 599 ; *Young v. Commonwealth*, 12 Bush, 243 ; *State v. Rand*, 33 N. H. 216 ; *Commonwealth v. Hamilton*, 15 Gray, 480 ; *Woodford v. People*,

62 N. Y. 117, 125, 126 ; 1 Whart. Crim. Law ( 9 Ed. ) sec. 816. (4.) It was not necessary to allege the ownership of the goods, as the indictment did not undertake to charge a larceny. 2 Bish. Crim. Proc., sec. 142 ; *State v. Morrissey*, 22 Iowa, 158 ; *Jones v. State*, 18 Florida, 889 ; *Harris v. State*, 61 Miss. 304 ; *State v. Wicker*, 5 S. W. Rep. 423 ; *State v. Neiderluck*, 3 S. W. Rep. 573 ; *State v. Clark*, 42 Vt. 629, 633 ; *People v. Shaher*, 32 Cal. 36 ; *Reg. v. Lawes*, 1 Car. & K. 62 ; *Rex v. Jenks*, 2 Leach ( 4 Ed. ) 774 ; *State v. Henley*, 30 Mo. 509 ; *State v. Shields*, 89 Mo. 259 ; *State v. McCoy*, 12 Mo. App. 589.

*David Rea* and *Booher & Williams* for respondent.

(1) It is as necessary to allege ownership of the goods in charging burglary as in charging burglary and larceny. Kelley Crim. Law, sec. 536 ; 2 Bish. Crim. Proc. ( 2 Ed.) sec. 129. (2) The indictment must contain an allegation of every fact which is legally essential to the punishment to be inflicted. 1 Bish. Crim. Proc., sec. 81 ; *State v. Hayward*, 83 Mo. 299 ; *State v. Buster*, 90 Mo. 514. (3) It is not burglary to break and enter the building under section 1298, Revised Statutes, 1879, unless with the intent to steal the goods of some person. It is not sufficient, under the other section, to charge the breaking, etc., with the intent to commit a felony, in the language of the statute, but the offense intended to be committed must be set out. The same reason requires the ownership of the goods to be stated. 2 Bish. Crim. Proc. ( 2 Ed.) secs. 142, 145, 146, 147.

SHERWOOD, J.—The defendant was tried and convicted upon the second count of an indictment, worded as follows :

"And the grand jurors aforesaid, upon their oath aforesaid, do further present and charge that the said Wm. Tyrrell, on the said twenty-eighth day of October, A. D. 1886, at the county of Andrew and state of Missouri, did feloniously and burglariously break into and enter a certain building of one Neal Barman, there situate, the same being used and occupied by the said Neal Barman as a saloon, by unlocking an outer door of said building by means of a false key, the same being a building in which divers goods, merchandise and valuable things were then and there kept for sale and deposited, with intent, the goods, merchandise and valuable things in the said building then and there being, then and there feloniously and burglariously to steal, take and carry away against the peace and dignity of the state.

"JULIUS A. SANDERS, Pros. Attorney."

The trial court upon motion in arrest held the count aforesaid insufficient in law. Whereupon the state appealed.

The grounds assigned in the motion in arrest were:

"1. Because the indictment is insufficient in law and does not charge any offense against the defendant.

"2. Because the indictment herein does not state facts sufficient to constitute a cause of action against defendant.

"3. Because the indictment herein does not allege that Neal Barman or any other person owned the goods, wares, merchandise and valuable things in the saloon building alleged to have been burglarized.

"4. Because the indictment does not allege any ownership of said building."

None of the objections urged against the indictment should have prevailed.

I. The allegation of ownership of the building was sufficient. It was in the form usually employed in such cases. *Spencer v. State*, 13 O. 401; 3 Chitty's Crim.

The State v. Tyrrell.

Law, 1117; *Commonwealth v. Hamilton*, 15 Gray, 480; 2 Bishop's Crim. Proc., secs. 39, 139.

II. Inasmuch as the *gravamen* of the charge was the burglary, it was unnecessary to specify the ownership of the goods. This is well settled. Archibald, treating of the crime under discussion, says: "The intent must appear to be to commit a felony in the dwelling house; but if the intent alleged be to commit a larceny, it is not necessary to show whose goods they were; it is sufficient to state them to be 'the goods and chattels in the said dwelling house then being.'" 2 Archb., p. 329. To the same effect see: *Reg. v. Clarke*, 1 Car. & K. 421; *Reg. v. Lawes*, 1 Car. & K. 62. An eminent author states that "the common form of charging the intent is to say, for example, 'with intent the goods and chattels *of one* (*or* the said) B. in the said dwelling house then and there being, feloniously, burglariously to steal, take and carry away.'" But he also says, that the words "of one B." are unnecessary. 2 Bishop Crim. Proc., sec. 142. And elsewhere he says that if the allegation is silent as to the ownership of the goods, as to which an intent to steal is charged, no ownership need be proved. *Ib.*, secs. 147, 142. See also *State v. Clark*, 42 Vt. 629; *Wicks v. State*, 44 Ala. 398; *Jones v. State*, 18 Fla. 889; *Harris v. State*, 61 Miss. 304; 1 Whart. Cr. Law [9 Ed.] sec. 820; *Commonwealth v. McGorty*, 114 Mass. 299.

And even though the indictment charge a burglarious breaking and entering with intent to steal the property of a certain person, naming him, and it turns out upon trial that the property is another's, this is quite immaterial, as the gist of the whole matter is the breaking and entering the house with such intent. *Rex v. Jenks*, 2 Leach, 896.

As to the result of the authorities, and, it may be added, of obvious reason, the judgment and ruling appealed from must be reversed and the cause remanded. All concur.