THE STATE v. TURNER *et al., Appellants.*

DIVISION TWO.

1.   Criminal Law : BURGLARY AND LARCENY : INDICTMENT.   It is not
     necessary in an indictment for the burglary of a calaboose, and the
     larceny of goods therefrom, that it state *when* the property was
     deposited in the building.

2.   The Evidence in this case which was mainly circumstantial
     reviewed and *held* sufficient to support the conviction of the
     burglary.

*Appeal from Henry Circuit Court.*—HON.  D.  A.
DEARMOND,  Judge.

AFFIRMED. ·

THE defendants were jointly indicted in the circuit
court of Henry county, at its September term, 1889, for
burglary and larceny, for the breaking into and entering a
certain building belonging to the city of Clinton, in Henry
county, Missouri, called the calaboose of said city, on

the —— day of September, 1889, in which said building
divers goods, wares, merchandise and valuable things
were kept and deposited, with the intent to steal said
goods, wares, merchandise and valuable things, and
stealing therefrom one pistol of the value of $10, one
pistol of the value of $2, and one pistol of the value
of $2, the personal property of Amos Richardson.

The defendants moved the court to quash the indict-
ment, for the reason " that it is not alleged in the indict-
ment, nor does it appear from said indictment, when or
what time said goods, wares and merchandise were kept
and deposited in said calaboose; nor does it further appear
from said indictment that said goods, wares and mer-
chandise mentioned in the indictment, or any goods,
wares or merchandise, were kept and deposited in said
calaboose at the time of the alleged burglary, and
because said indictment does not charge any offense
under the laws of this state." The court overruled
this motion.

The defendants were arraigned, and, plea of not
guilty entered being tried at said term, were found not
guilty of the larceny, but guilty of the burglary as
charged in the indictment, and their punishment
assessed at four years each in the state penitentiary.
Their motions for a new trial and in arrest being over-
ruled, and judgment · rendered, they appealed to this
court.

The following instructions were given by the court:
"The court instruct the jury, that, while the defendants
are jointly indicted and tried together, you may acquit
both or convict both, or acquit one and convict the
other.

"You are further instructed, that if you find from
the evidence that the defendants, Charles Turner and
Henry Burns, or either of them, did feloniously and
burglariously break into and enter the building called
the calaboose, the property of the city of Clinton, in
which at the time were kept or deposited any goods,

wares or valuable things, with intent to steal, take and carry away any of said goods, wares or valuable things, as charged in the indictment, you should convict the defendants or defendant, as the case may be, of the burglary charged, and assess the punishment of the defendants or defendant at imprisonment in the penitentiary for any term not less than three years; unless you so find from the evidence you should acquit of burglary; and if you convict the defendants, or either of them, of burglary, and further find from the evidence that the defendants or defendant so convicted of burglary did, in committing such burglary, feloniously and burglariously steal, take and carry away any of the goods, wares or valuable things in said calaboose, then and there kept, and being the property of Amos Richardson, of any value, as in the indictment charged, you will also convict such defendants or defendant, as the case may be, of grand larceny, and assess the punishment at imprisonment in the penitentiary for a further term of not less than two years nor more than five (5) years; unless you so find from the evidence, you will acquit of the larceny.

"In this case the prosecution rests upon circumstantial evidence; and you are instructed that the law does not require direct or positive proof of the guilt of the accused, but authorizes a conviction if guilt be established by circumstantial evidence; but, to warrant a conviction upon circumstantial evidence alone, not only must the circumstances themselves be clearly and satisfactorily proved, but they must, when so proved, point so directly and so strongly to the accused as guilty of the offense charged as to exclude every reasonable hypothesis of innocence, and leave no room in the minds of the jury for a reasonable doubt of guilt. If you can reconcile the evidence upon any reasonable theory other than that of the guilt of the accused as charged, it is your duty to so reconcile it and acquit. And if, after a full and fair consideration of the whole

case as you find it under the evidence, you have a rea-
sonable doubt of the guilt of the defendants, or either
of them, of the offenses charged, you should give the
defendants or defendant, as the case may be, the benefit
of such reasonable doubt and acquit.''

The testimony shows that a building situated in the
city of Clinton, in Henry county, Missouri, and belong-
ing to said city, was, on the eleventh day of September,
1889, broken into and entered by some one between
nine and twelve o'clock that night. The lock of the
door of the building was broken and the building
entered through the door, and the lock of a desk in the
inside of the building, in which were kept papers, cell
keys and other articles, was broken and cell keys were
taken therefrom, and the cells opened. William Pad-
field, the deputy marshal, had that night, between
eight and nine o'clock, arrested a man and a boy, and
placed them in the calaboose; when he came out he
locked the desk and the door. It was discovered that
the calaboose had been broken into about twelve o'clock
at night; word to that effect was sent to Amos Richard-
son, the marshal of said city; he got up, and, in company
with several other persons, went down to the connection
of the Missouri, Kansas & Texas and Gulf railroads,
where he found defendants and a one-legged man lying
in a freight car. He arrested the defendants, and took
them up to the calaboose and locked them up. After
he had taken them there, one of the defendants said he
had left his coat in the car down at the railroad. The
next morning a coat was found on a handcar which was
taken up and claimed by defendant to be his; the hand-
car, where the coat was found, was within three or four
feet of a tool chest belonging to the railroad company,
which tool chest had also been broken into during the
night and a pick taken therefrom; the handle of the
pick was found near the calaboose, and the other part
of the pick was found on the inside of the calaboose.

One of the defendants was seen near the caloboose between eight and nine o'clock that night.

Dan Cabin testified that he lived back of the calaboose about fifteen or twenty steps ; that the night the calaboose was broken into he was sitting out at the back door of his house talking to Jane Harris, a colored woman ; that he saw the defendants, two other grown men and a boy between nine and ten o'clock climbing over the fence which surrounds the calaboose, the night it was broken into ; when they jumped over the fence one of them said, "Keep still ! keep still !" The two defendants here came up near him where the light which was shining from the inside of the house shone on them, and he could see them plainly.

It was shown that there was $4 in money, two pistols worth about $2.50 each, and one pistol worth about $15, in the building at the time same was broken into ; the money was not disturbed, but the pistols were taken therefrom. The man and boy who had been confined in there made their escape ; but it was not shown that any of the property was found in the possession of the defendants.

*John M. Wood*, Attorney General, for the State.

(1) The indictment is sufficient. It charges that certain goods, wares and merchandise, "then and there being" in said calaboose, were stolen, thereby necessarily charging that they were in the building at the time. R. S. 1889, sec. 3526 ; *State v. Tyrrell*, 98 Mo. 354; *State v. Henley*, 30 Mo. 509. (2) The first instruction, which was the general instruction upon the offenses charged, is a clear and correct declaration of the law applicable to the facts in the case. R. S. 1889, sec. 3526 ; *State v. Henley*, 30 Mo. 509 ; *State v. Tutt*, 63 Mo. 595 , *State v. Owens*, 79 Mo. 619 ; *State v. Hecox*, 83 Mo. 531 ; *State v. Kennedy*, 88 Mo. 341. (3) The second, as to when a conviction will be authorized on

circumstantial evidence alone, has been approved. *State v. Hill,* 65 Mo. 87; *State v. Dickson,* 78 Mo. 438.; *State v. Brooks,* 92 Mo. 555; Whar. Crim. Ev. [9 Ed.] secs. 10-21.

GANTT, P. J.—No errors have been assigned in this cause in this court. No brief has been filed on behalf of defendants. We have examined the record to discover if we could what, if any, error was committed by the trial court. No objections to testimony were saved. While it was a case of circumstantial evidence, we cannot say the jury were without evidence to justify their verdict. The defendants were tramps; they were seen climbing the fence that inclosed the calaboose, that night; soon after it was found broken open, and two prisoners liberated; the coat of one of the defendants was found near the tool chest of the section men of the Missouri, Kansas & Texas railway, at Clinton; this chest was broken open and a pick stolen from it; this pick was found in the calaboose; no explanation is vouchsafed as to what business the defendants had in the calaboose yard at that hour of night. The question of their guilt was submitted to the jury under instructions as favorable as the law will justify. The jury under these instructions have said they were guilty; we are not justified in setting aside their finding from anything we find in the evidence. We presume that the principal contention of the distinguished counsel who conducted their defense was that the indictment was insufficient. While it is not to be commended as a model, yet we think it sufficiently advised the defendants of "the nature and cause of the accusation" against them.

The *gravamen* of the charge is the burglarious breaking of the calaboose. The specific objection in the motion to quash was that the indictment did not charge *when* the goods and wares were deposited and kept in the calaboose. The objection is not tenable;

it is immaterial when they were placed there or by whom; the material question was, were the goods, wares and merchandise described in the indictment "then and there," at the time of the commission of the burglary, kept and deposited in the calaboose, and was it the intention then of defendants to take, steal and carry them away?

It was sufficient for such a charge to state them to be "the goods and chattels in the said calaboose then being," and we think this sufficiently appears from the whole text of the indictment. *State v. Tyrrell*, 98 Mo. 354. The motion to quash was properly overruled.

It follows that the judgment must be affirmed. All the judges of this division concur.