## THE STATE v. MILLER, Appellant.

Division Two, June 20, 1905.

1. **NEW TRIAL: Overruling Motion: Not Preserved in Bill of Exceptions.** Timely objection and exception to the overruling of a motion for a new trial, in order to subject it to review by the appellate court, must be made at the time the motion was overruled, and duly preserved by bill of exceptions filed during the term at which such action was taken, or at the time to which leave to file the bill has been granted. And if not so preserved, there is nothing before the appellate court except the record proper.

2. **APPEAL: Dismissal: No Affidavit: Submission of Cause.** Although the record may not affirmatively show that an affidavit for an appeal was filed, yet where it appears that an order granting the appeal was made, and in pursuance to such order the transcript has been transmitted to the appellate court, and the cause has by counsel been submitted on the merits, it is too late to urge the striking of the cause from the docket or the dismissing of the appeal. Such suggestions should be made in advance of submitting the cause to the appellate court.

Vol 189 mo—43

3. **VERDICT: Insufficiency: Policy.** The verdict in this case, which was a prosecution for making and establishing a policy, is *held*, on the authority of State v. Cronin, *ante*, page 663, insufficient to support the judgment.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

REVERSED AND REMANDED.

*Morton Jourdan* for appellant.

The verdict and judgment are insufficient in law. The defendant was charged with having aided and assisted in establishing a lottery "as a business and avocation." This allegation and the proof thereof was necessary. State v. Pomeroy, 130 Mo. 497; State v. De-Witt, 186 Mo. 61.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1) As no bill of exceptions was filed at the February term, and as no time was given within which to file the same, the exceptions attempted to be preserved in the motion for a new trial cannot be considered. State v. Broderick, 70 Mo. 622; Howes v. Holmes, 5 Mo. App. 81. (2) There is no affidavit for appeal, and the record fails to show that any affidavit for appeal was ever filed. State v. Roscoe, 93 Mo. 146. Having failed to present to the trial court, by motion in arrest of judgment, the alleged insufficiency of the verdict, and having failed to preserve by bill of exceptions this motion in arrest, the defendant has waived the same.

FOX, J.—This cause comes here upon appeal by defendant from a judgment of conviction in the circuit court of the city of St. Louis, upon an indictment charging defendant with a violation of the provisions of section 2219, Revised Statutes 1899.

The record in this cause discloses that on March 26, 1904, being a part of the February term of the circuit court of the city of St. Louis, defendant was put upon his trial before a jury duly empaneled for the offense charged in the indictment, and they returned a verdict of guilty, in the following form:

"State of Missouri vs. Louis Miller.

On indictment for establishing a policy.

"We, the jury in the above-entitled cause, find the defendant guilty of aiding and assisting in making and establishing a policy, and assess the punishment at six months in the city jail.

"JOHN J. SHEESHAW,
"Foreman."

On March 30, 1904, during said term of court, defendant filed his motion for new trial; on April 1, 1904, said motion for new trial was overruled. On April 2, 1904, defendant filed his motion in arrest of judgment, and this motion was continued to the April term, 1904, of said court.

There is an entire absence of any disclosure in this record that the action of the court in overruling the motion for new trial was preserved by bill of exceptions, during the term of court at which the motion was overruled, nor was there any leave given to file it later. It is clear that timely objections and exceptions to the action of the court, in overruling the motion for new trial, in order to be subject to review by this court, must be made at the time of such action and duly preserved by bill of exceptions, filed during the term at which such action was taken, or at such time to which leave to file had been granted.

No bill of exceptions was filed during the term at which defendant's motion for new trial was overruled, nor was there any extension of time for filing the same; hence it is apparent there is nothing before this court in this cause for review except the record proper. [State v. Broderick, 70 Mo. 622.]

Our attention is directed by the Attorney-General to the fact that it does not affirmatively appear in the record that an affidavit for an appeal was filed in this cause. It does appear, however, that an order granting an appeal was made, and in pursuance of such order the clerk of the circuit court of the city of St. Louis transmitted to this court a transcript of the proceedings in that court and the record is now before us.

There was no motion by respondent to dismiss the appeal or to strike the case from the docket and the cause was submitted without any suggestion as to the jurisdiction of this court by virtue of the order granting the appeal, hence, we are inclined to the opinion that the better practice is that defects of the character here complained of should be taken advantage of by motion to dismiss the appeal or to strike the cause from the docket.

This would enable the defendant to make such showing upon such defect as may be within his power, but we think it would be unfair after submitting the cause presumptively upon its merits for this court to dismiss the appeal or strike the case from the docket. This cause having been submitted by counsel, it is too late to urge the striking of the cause from the docket or dismissing of the appeal; suggestions in that direction should be made in advance of submitting the cause to this court. We will say, however, in justice to the Attorney-General in failing to call our attention by motion to the defect in this record now insisted upon, that doubtless such failure occurred by reason of the absence of the record from the clerk's office.

The verdict in this cause forms a part of the record proper; hence, may be reviewed without motions for new trial or in arrest of judgment.

We have reproduced the verdict rendered in the form as returned by the jury, and it is sufficient to say that a verdict in substantially the same form was fully discussed by GANTT, J., in State v. Cronin, ante, 663.

It was held insufficient and not responsive to the issues presented to. the jury. Adopting the views of this court, as expressed in that case, as well as the conclusions reached, results in the conclusion that the verdict in this cause is insufficient and will not support the judgment.

With this expression of our views upon the record before us, the judgment in this cause is reversed and the cause remanded.

All concur.