State v. Larew.

## THE STATE v. LAREW, Appellant.

**Division Two, November 21, 1905.**

1. **BILL OF EXCEPTIONS: When Filed.** All exceptions taken during the trial of a cause must be preserved in a bill of exceptions filed during the term of the court at which they were taken, or within such time after the expiration of the term as the court may grant.

2. **MOTION FOR NEW TRIAL AND IN ARREST: Functions.** The office of a motion for new trial is to call attention of the trial court to rulings which constitute matters of exception taken on the trial, whereas, a motion in arrest reaches only such defects as are apparent on the record, and does not cover such defects as are required to be brought to the attention of the court by exception.

3. **BILL OF EXCEPTIONS: Filed at Subsequent Term: Motion in Arrest.** Where the evidence is heard, verdict rendered, and motion for new trial filed and overruled at one term of court, and no bill of exceptions is filed at said term, nor permission asked nor received to file the same at any time subsequent to said term, a motion in arrest filed at the trial term and continued to the next term, when it is overruled, does not have the effect to carry exceptions to the matters in the motion for new trial to such subsequent term. And in such case there is nothing before the appellate court except the record proper.

4. **EMBEZZLEMENT BY AGENT: Indictment.** The indictment set out in the statement in this case, which was a prosecution for embezzlement by an agent of money belonging to his employer, is examined, and *held,* not obnoxious to criticism.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

AFFIRMED.

*King & King* for appellant.

It is a general rule that an indictment upon statutes, especially the most penal, must state all the circumstances which constitute the definition of the offense in the act to bring the defendant precisely within it.

William v. State, 42 Miss. 328; State v. Latham, 73 Mo. App. 196. An indictment based upon a statute must contain and allege all the forms of expression and descriptive words which will bring the defendant precisely within the definition of the statute. State v. Emerich, 87 Mo. 110; State v. Miller, 132 Mo. 297; Gaddy v. State, 8 Tex. App. 127. The general rule that it is sufficient to charge the offense in the language of the statute does not mean that it is sufficient to copy the statute into the indictment, or, even where a form is prescribed, to fill in the blanks. The indictment must make a specific application of the statute to the case in hand. State v. Croker, 95 Mo. 389; State v. Terry, 109 Mo. 601. The indictment on its face must state the criminal nature and degree of the offense which are conclusions of law from the facts, and also the facts and circumstances which render the defendant guilty. State v. Krueger, 134 Mo. 273; State v. Terry, 109 Mo. 601; United States v. Cruikshank, 92 U. S. 558; State v. Miller, 132 Mo. 297; Mooer v. United States, 160 U. S. 268; State v. Williams, 42 Miss. 232.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1) There is nothing before this court except the record proper. Defendant was tried and convicted at the June term, and on June 29, 1904. On the same day defendant filed his motion for a new trial; this motion was overruled on August 31, 1904. Thereupon defendant filed his motion in arrest of judgment; and on September 23rd said motion in arrest was continued till the next term of court. On November 2nd (being at the October term, 1904) defendant's motion in arrest was overruled, and he was granted an appeal. No bill of exceptions was filed at the June term; neither was any time given in which to file such a bill. According to

the numerous decisions of our courts, this failure on the part of defendant deprives the higher court of the power to review the proceedings of the trial court.   State v. Miller, 88 S. W. 607; State v. Roderick, 70 Mo. 622; Building Ass'n v. Refrigerator Co., 127 Mo. 501; Howes v. Holmes, 5 Mo. App. 81.   (2)   The indictment is in the approved form, and follows the language of the statute.   It informed the defendant in a clear and concise way what he was charged with; it was, therefore, sufficient.   R. S. 1899, sec. 1912; State v. Adams, 108 Mo. 208; State v. Lipscomb, 160 Mo. 125; State v. Cunningham, 154 Mo. 181; State v. Wissing, 187 Mo. 97.

GANTT, J.—At the April term, 1904, of the circuit court of the city of St. Louis, the grand jury returned the following indictment against the defendant:

"The grand jurors of the State of Missouri, within and for the body of the city of St. Louis, now here in court, duly impaneled, sworn and charged, upon their oath present, that W. P. Larew, on or about the fifteenth day of April, one thousand nine hundred and three, at the city of St. Louis aforesaid, being then and there the agent, clerk, collector and servant of one Mary T. Clark (the said W. P. Larew not being then and there a person under the age of sixteen years), then and there by virtue of such employment and office of agent, clerk, collector and servant, as aforesaid, did have, receive and take into his possession and under his care and control certain money, to the amount and value of two thousand one hundred dollars, the same being then and there lawful money of the United States of the value of two thousand one hundred dollars, the money and personal property of the said Mary T. Clark, the employer of him, the said W. P. Larew, and that the said W. P. Larew, the said money then and there unlawfully, feloniously, fraudulently and intentionally did embezzle and convert to his own use without the assent of the said Mary T. Clark, the owner of said money, and with the

unlawful, felonious and fraudulent intent then and there to deprive the owner, the said Mary T. Clark, of the use thereof; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.''

He was tried at the June term, 1904, and convicted on the 29th of June, 1904, and his punishment assessed at two years in the penitentiary. He filed his motion for new trial in due time, which was overruled on the 31st of August; on the same day the defendant filed a motion in arrest of judgment, which was continued until the next term of court for the want of time to determine the same. On November 2, 1904, at the October term of said court, the court overruled the motion in arrest, and thereupon sentenced defendant to the penitentiary in pursuance of the verdict. From that judgment and sentence defendant has appealed to this court.

I. At the threshold of the consideration of this appeal we are confronted by the insistence of the Attorney-General that there is nothing before this court for review except such matters as are raised by the motion in arrest filed at the June term, 1904. It appears from the transcript on file that the defendant was tried and all the evidence heard at the June term, 1904, and a verdict rendered on the 29th of June of said year; that his motion for new trial was filed in due time at said term, and was overruled on the 31st of August, 1904, at the same term. It further appears that no bill of exceptions was filed at said June term, 1904, nor did the defendant ask or receive permission to file the same at any time subsequent to the said June term. The question now presented is, will the fact that the defendant filed his motion in arrest at the June term, 1904, and that the same was continued until the October term, 1904, and finally disposed of at said October term, and a bill of exceptions, containing all of the exceptions taken at the June term incorporated therein was filed at the October term, preserve such exceptions for review

in this court on this appeal? It has been the uniform practice in this State that all exceptions taken during a trial of the cause must be preserved in a bill of exceptions filed during the term of the court at which they were taken, or within such time after the expiration of the term as the court may grant.

In Riddlesbarger v. McDaniel, 38 Mo. 139, it was ruled that, where a motion for new trial was filed at the term the trial occurred and was continued over and not determined until the next term and no bill of exceptions had been filed at the trial term, such exceptions could be preserved in a bill filed at the term when the motion for new trial was overruled, though at a subsequent term of the court. That ruling has been constantly followed in this State. [Gray v. Parker, 38 Mo. 160; Henze v. Railroad, 71 Mo. 644; Richardson v. Agr. & Mec. Assn., 156 Mo. 407.]

But it will be observed that in this case the motion for new trial was filed and overruled at the June term. In the determination of this cause it is essential to keep in view the respective offices of a motion for new trial and one in arrest of judgment. The function of a motion for new trial is to call the attention of the trial court to rulings which constitute matters of exception taken on the trial, whereas the motion in arrest reaches only those defects which are apparent on the record, and does not reach such as are required to be brought to the attention of the court by exception, such, for instance, as the giving or refusing of instructions, admitting or rejecting evidence, and like matters. It has been ruled again and again that matters excepted to at one term of court must be saved by a bill of exceptions filed at said term. [State v. Ware, 69 Mo. 332; State v. Taylor, 134 Mo. 109; State v. Williams, 147 Mo. 14; State v. Miller, 189 Mo. 673.]

And the uniform rule has been in this State since the decision in State v. Marshall, 36 Mo. 404, that in order to have such exceptions reviewed in the appel-

late court there must be a motion for new trial which must appear in the bill of exceptions as overruled and an exception taken to the decision of the court thereon. [Ross v. Railroad, 141 Mo. l. c. 395, and cases cited.] It would seem too clear for argument, in view of the foregoing settled rules of practice, that if the defendant desired to have his exceptions taken to the action of the circuit court during the trial of said cause considered, it was incumbent upon him to save his exceptions to the overruling of his motion for new trial at the June term, 1904, and to tender his bill of exceptions containing all the matters to which he excepted at that term, and that the continuance of his motion in arrest, whose office is only to direct the attention of the court to errors apparent on the face of the record, did not have the effect to carry his exceptions to the matters in his motion for new trial over to the October term, and this being true, we must hold that in this State of the record there is nothing before us for review except the record proper.

II. The indictment in this case rests upon section 1912, Revised Statutes 1899, which reads as follows: "If any agent, clerk, apprentice, servant or collector of any private person, or of any co-partnership, except persons so employed under the age of sixteen years, or if any officer, agent, clerk, servant or collector of any incorporated company, or any person employed in any such capacity, shall embezzle or convert to his own use, or shall take, make way with or secrete, with intent to embezzle or convert to his own use, without the assent of his master or employer, any money, goods, rights in action, or valuable security or effects whatsoever, belonging to any other person, which shall have come into his possession or under his care by virtue of such employment or office, he shall, upon conviction, be punished in the manner prescribed by law for stealing property of the kind or the value of the articles so embezzled, taken or secreted."

The indictment in this case is assailed as insuffi-

cient.  The overwhelming weight of authority in cases of embezzlement is that it is sufficient to charge the crime in the language of the statute.  Of course, by this it is not meant that a pleader can just file a section of the statute without making those affirmative allegations necessary to bring the case within the purview of the statute.  Applying these general principles to this indictment, it will appear that the defendant, on or about the 15th day of April, 1903, was then and there the agent, clerk, collector and servant of Mary T. Clark. As it names the individual, it is not essential to allege that she was a private person.  The evident object of the statute was to designate the agent, clerk, etc., of two classes of persons, natural persons and artificial persons; if an artificial person, it would be necessary to charge either that the employer or principal was a corporation or association whose agent under this act had committed the embezzlement, but in this case, having alleged that the defendant was the agent of Mary T. Clark, it sufficiently appears that he was the agent of a private person.  The indictment also negatives the fact that he was under sixteen years of age.  It is then averred that by virtue of his employment and office of agent, clerk, collector and servant the defendant received and took into his possession and under his care and control certain moneys to the amount of two thousand one hundred dollars, and  lastly,  that  the  said money of his employer, Mary T. Clark, then and there unlawfully, feloniously, fraudulently and intentionally did embezzle and convert to his own use, without the assent of said Mary T. Clark, with the unlawful and felonious intent then and there to deprive her of the use thereof.  It will thus be seen that the pleader has applied the statute to the concrete facts in the case and fully advised the defendant of the charge and accusation against him.  The criticism that the indictment does not charge that the embezzlement and conversion was without the assent of the master or employer, is

without merit.   The indictment had already charged
the employment of the defendant by the said Mary T.
Clark as her agent, and that he had taken her money
into his possession by virtue of such employment, and
when this was done the allegation that the embezzle-
ment was without the assent of the said Mary T. Clark,
the owner of said money, was but another way of say-
ing, without the assent of his employer.

It is next insisted that the indictment is fatally de-
fective in not charging that the intent of the defendant
was to deprive the owner of her property, but instead
thereof simply charged him with an intent to deprive
her of the use thereof.   In State v. Lentz, 184 Mo. 223,
this section of the statute under which the defendant
is indicted received a careful review and it was there
pointed out that this section covered two classes of of-
fenses, one which consisted in the doing of the act it-
self which is prohibited, and the other of doing certain
things in respect to the subject-matter with the intent
to do the prohibited act. The indictment in this case, as
the information in that case, charges a violation of the
first class of offenses, and it was not essential to the
indictment to allege the specific intent.   As further said
in that case, ''the embezzlement or conversion by an
agent of property that came to his possession by rea-
son of his employment is the essence of the offense de-
nounced by the statute, and the act in itself is a wrong
one, and if the commission of this wrongful act is es-
tablished, it was not error for the trial court to advise
the jury that they would be authorized in inferring the
criminal intent.   The criminal intent in this case is not
an intent to embezzle or convert to his own use prop-
erty or money.   The charge is the commission of the
act itself, and not the doing of something else, with
the intent to commit the act.   The criminal intent nec-
essary in this case is to deprive the owner of his prop-
erty.   The result of embezzlement is to deprive the
owner of his property, and, in our opinion, it is not an

illegitimate inference, where property is embezzled or converted, as contemplated by the statute, that the result of such an act was intended by the perpetrator of it." In State v. Cunningham, 154 Mo. l. c. 179, it was said by this court: "No one can be convicted of a felony in the absence of an intent to do a criminal act, but such an intent in case of embezzlement may be inferred from a felonious or fraudulent conversion."

In view of these expositions of the statute and of the rule of criminal pleading already noticed, this indictment would have been sufficient if the clause, "and with the unlawful, felonious and fraudulent intent then and there to deprive the owner, the said Mary. T. Clark, of the use thereof," had been omitted, but the objection that these words do not sufficiently allege an intent to deprive the owner of her property, is entirely too technical and hypercritical to justify this court in holding the indictment invalid. [State v. Pratt, 98 Mo. 492.]

There are various other technical objections to this indictment, such as that the indictment fails to allege the means by which, or the person from whom, the defendant received the money charged to have been embezzled. But this was wholly unnecessary, as has often been ruled. [7 Ency. of Pl. and Pr., 439; People v. Converse, 74 Mich. 478; State v. Adams, 108 Mo. 208.]

III. In a very exhaustive brief filed in behalf of the defendant, there is a discussion of the relation of an attorney and his client, and as to whether an attorney at law might lawfully retain his fees as any other bailee for services rendered in and about a bailment without being guilty of embezzlement, and whether the relation of attorney and client as to moneys collected by the attorney for the client is not that of creditor and debtor instead of principal and agent, and also whether under such circumstances the attorney and the client were not joint owners of the money collected. But in

view of the fact that we have reached a conclusion that the exceptions saved on the trial and the evidence as to the particular character of the agency out of which this prosecution grew are not before us because no bill of exceptions was filed at the June term, 1904, of the circuit court of St. Louis, all these questions which grew out of the testimony in the case are not before us for decision at this time, and we are not called upon to express our opinion upon them. None of them reaches the question of the sufficiency of the record proper in this case, which is the only matter now before us. We have held the indictment sufficient, and we find no reversible error in the record proper in any other respect. It results that the judgment of the circuit court must be and is affirmed.

*Burgess, P. J.,* and *Fox, J.,* concur.