# THE STATE v. GOEHLER, Appellant.

### Division Two, January 31, 1906.

1. **APPEAL: Time of Filing Bill: Motion in Arrest.** The bill of exceptions, in order to be considered on appeal, must be filed during the term at which the motion for new trial was overruled or within such time as, by leave entered of record at that term, is given appellant in which to file his bill. A motion in arrest filed after the motion for new trial was overruled and continued to the next term and then overruled, did not give appellant the right to file his bill of exceptions during the subsequent term. His bill was due at the term the motion for new trial was overruled, and it can be made a part of the record only by being filed during that term or within such time as is given, by order entered of record at that term, to file it after the adjournment of that term.

2. ———: ———: ———: **Case Stated.** Appellant was convicted at the October term, and within proper time filed his motion for a new trial, which was overruled at that term, but he did not at that term file a bill of exceptions or obtain leave to file it thereafter, but he did thereafter at that term file his motion in arrest, and that motion was continued to the December term and then overruled, and thereupon he filed his bill of exceptions. *Held*, that the bill is no part of the record, because not filed in time.

3. ———: **Office of Motion in Arrest.** The office of a motion in arrest is to direct the attention of the court to errors apparent on the face of the record proper, and not to errors occuring during the progress of the trial.

4. **INFORMATION: Burglary: Ownership of Goods.** It is not necessary that the information in a burglary case charge the ownership of the goods or merchandise kept or deposited in the house burglarized.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

AFFIRMED.

.193 Sup——12

*John A. Porter* for appellant.

(1) .The information is defective in that is fails to allege the ownership of the goods in charging the burglary. 2 Bishop, Crim. Pro. (2 Ed.), sec. 129. (2) The information must contain an allegation of every fact which is legally essential to the punishment to be inflicted. 1 Bishop, Crim. Pro., sec. 81; State v. Hayward, 83 Mo. 299; State v. Buster, 90 Mo. 514.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1) There is nothing before this court except the record proper. Defendant was tried and convicted at the October term, and on November 4, 1904. On November 7th defendant filed his motion for a new trial; this motion was overruled on November 25, 1904. On November 29, 1904, defendant filed his motion in arrest of judgment, and on December 3, 1904, said motion in arrest was continued till the next term of court. On December 5, 1904 (being at the December term, 1904), defendant's motion in arrest was overruled, and he was granted an appeal. No bill of exceptions was filed at the October term, neither was any time given in which to file such a bill. This failure on the part of defendant deprives this court of the power to review the proceedings of the trial court. State v. Larew, 191 Mo. 197; State v. Miller, 189 Mo. 673; State v. Roderick, 70 Mo. 622; Building Ass'n v. Refrigerator Co., 127 Mo. 501; Howes v. Holmes, 5 Mo. App. 81. (2) The information, which was duly verified, is sufficient in form and substance. State v. Yandle, 166 Mo. 593; State v. McGraw, 87 Mo. 164; Kelley's Crim. Law, sec. 609; R. S. 1899, sec. 1881.

FOX, J.—This cause is here upon appeal by the defendant from a judgment of conviction of burglary

in the second degree, in the circuit court of the city of St. Louis. The information, which was duly verified as provided by law, upon which this judgment rests, omitting formal parts, is as follows:

"W. Scott Hancock, assistant circuit attorney, in and for the city of St. Louis aforesaid, within and for the body of the city of St. Louis, on behalf of the State of Missouri, upon his official oath, information makes as follows: That Charles Gochler and Albert Kessler on the twenty-third day of August in the year of our Lord, one thousand nine hundred and four, at the city of St. Louis aforesaid, into a certain dwelling-house and building of Mary Hesmann there situate and being, feloniously and burglariously, forcibly did break and enter, with intent then and there, and thereby feloniously and burglariously to steal, take and carry away certain goods, wares, merchandise, other valuable things and personal property in the said dwelling-house and building, then and there kept and deposited, against the peace and dignity of the State."

This information was filed on the 8th of September, 1904. Defendant was granted a severance and was tried and convicted on the 4th of November, 1904, being the October term of the said court, and his punishment assessed at three years in the penitentiary. The record in this cause discloses that the defendant filed a motion for a new trial at once, which was overruled on November 25th. Defendant's motion in arrest of judgment was then filed and on December 3rd the same was continued till the next term of court. At the next term of court (the December term), the motion in arrest was overruled. Judgment of sentence was then duly entered of record in accordance with the verdict and from this judgment defendant prosecuted his appeal to this court. The record also discloses that no bill of exceptions was filed during the October term, at which defendant was convicted and at which term his motion for new trial was overruled; but upon the overruling of the motion in

arrest of judgment at the December term, to which it had been continued from the October term, the bill of exceptions for the first time was filed.

### OPINION.

It is manifest from this record that the action of the court during the progress of the trial has not been properly preserved by bill of exceptions, duly filed at the term of court when said trial was had.

The record plainly discloses that the defendant was tried and convicted at the October term, 1904, of the court, and that at the same term his motion for new trial was filed and by the court overruled. In order to preserve the action of the court upon such motion and all other matters occurring during the progress of the trial at that term, it was absolutely essential to either tender and cause to be filed a bill of exceptions during that term, or obtain leave of the court, by order duly entered of record, to file the same at some subsequent time. In this cause the record shows that neither of these essential steps was taken.

The filing of the motion in arrest of judgment at the October term, being the term at which defendant was convicted, and the continuance of such motion in arrest to the December term, 1904, did not have the effect to carry the exceptions to the matters, indicated in the motion for new trial, over to the December term, and the filing of the bill of exceptions at the December term, undertaking to preserve the action of the court occurring at the October term, was wholly unauthorized and the matters therein contained are not subject to review upon such unauthorized bill.

In view of the recent, thorough and exhaustive discussion of this proposition in State v. Larew, 191 Mo. l. c. 197, we deem it unnecessary to again review the authorities on the question in support of the conclusions reached. It was said in that case, which upon the ques-

tion now in hand, is identical with the one at bar, after fully reviewing all the authorities, that "it would seem too clear for argument, in view of the foregoing settled rules of practice, that if the defendant desired to have his exceptions taken to the action of the circuit court during the trial of said cause considered, it was incumbent upon him to save his exceptions to the overruling of his motion for new trial at the June term, 1904, and to tender his bill of exceptions containing all the matters to which he excepted at that term, and that the continuance of his motion in arrest, whose office is only to direct the attention of the court to errors apparent on the face of the record, did not have the effect to carry his exceptions to the matters in his motion for new trial over to the October term, and this being true, we must hold that in this state of the record there is nothing before us for review except the record proper."

Upon the record proper, and that is all that is properly before us for consideration, the appellant challenges the sufficiency of the information. The contention of defendant upon this proposition is predicated solely upon the failure of the information to allege the ownership of the property charged to have been kept or deposited in the building in which it is charged the burglary was committed. Upon this question it is only necessary to state that under the well-settled rules of pleading in criminal cases, it was not essential to make this allegation. It will be observed that this information is limited to the charge of burglary in the second degree, and the defendant is not charged with the larceny of any of the goods kept and deposited in the building at the time of the commission of the burglary, hence the ownership of the goods deposited in the building was absolutely immaterial. The contention of appellant is nowhere more clearly or correctly answered than it was by this court in State v. Tyrrell, 98 Mo. 354. It was there said, in discussing the proposition now before us, that "inasmuch as the gravamen of the charge was the

burglary, it was unnecessary to specify the ownership of the goods. This is well settled. Archbold, treating of the crime under discussion, says: 'The intent must appear to be to commit a felony in the dwelling-house; but if the intent alleged be to commit a larceny, it is not necessary to show whose goods they were; it is sufficient to state them to be "the goods and chattels in the; said dwelling-house then being." ' [2 Archb. p. 329.] To the same effect see Reg. v. Clarke, 1 Car. & K. 421; Reg. v. Lawes, 1 Car. & K. 62. An eminent authority states that 'the common form of charging the intent is to say, for example, "with intent the goods and chattels of one (or the said) B. in the said dwelling-house then and there being feloniously, burglariously to steal, take and carry away." ' But he also says, that the words "of one B." are unnecessary. [2 Bishop Crim. Proc., sec. 142.] And elsewhere he says that if the allegation is silent as to the ownership of the goods, as to which an intent to steal is charged, no ownership need be proved. [Ib. secs. 147, 142; see, also, State v. Clarke, 42 Vt. 629; Wicks v. State, 44 Ala. 398; Jones v. State, 18 Fla. 889; Harris v. State, 61 Miss. 304; 1 Whart. Cr. Law (9 Ed.), sec. 820; Commonwealth v. McGorty, 114 Mass. 299.] ''

This court again, in State v. Turner, 106 Mo. l. c. 277, clearly announced the essential elements of the offense of burglary. It was there said, that "the gravamen of the charge is the burglarious breaking of the calaboose. The specific objection in the motion to quash was that the indictment did not charge when the goods and wares were deposited and kept in the calaboose. The objection is not tenable; it is immaterial when they were placed there or by whom; the material question was, were the goods, wares and merchandise described in the indictment 'then and there,' at the time of the commission of the burglary, kept and deposited in the calaboose, and was it the intention then of defendants to

take, steal and carry them away?'' These cases must be held decisive of this question.

An examination of the other parts of the record proper discloses that the defendant waived formal arraignment and entered his plea of not guilty and the trial proceeded in regular form. The impaneling of the jury, the return of the verdict and judgment in accordance therewith, are shown by the record to be regular in every particular.

There is nothing remaining to be done with this cause, except to announce the affirmance of the judgment, which is so ordered.

All concur.