## THE STATE v. ALVA HARROUN, Appellant.

**Division Two, November 20, 1906.**

1. **MOTION FOR NEW TRIAL AND IN ARREST: Bill of Exceptions: Filed at Subsequent Term.** At the term at which he was convicted, defendant filed his motion for a new trial, which was overruled. He thereupon filed his motion in arrest of judgment, which was continued to the next regular term, when it was overruled, and the bill of exceptions was filed. The record does not disclose that defendant was granted any extension of time for filing his bill of exceptions. *Held,* that the filing of the bill of exceptions at such subsequent term does not preserve the action of the court in overruling the motion for new trial; and, hence, there is nothing before the appellate court except the record proper.

2. **NO BILL OF EXCEPTIONS.** Where there is no bill of exceptions and the record proper is free from error, the judgment will be affirmed.

Appeal from St. Louis City Circuit Court.—*Hon. Robt. M. Foster,* Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

There is nothing before this court except the record proper. No bill of exceptions was filed at the same term at which the motion for a new trial was overruled; and no leave was given at that term to file a bill. The failure to thus file a bill of exceptions, or to take leave to file same, deprives this court of the power to review the proceedings during the trial. State v. Goehler, 193 Mo. 177; State v. Larew, 191 Mo. 192; State v. Miller, 189 Mo. 673.

FOX, J.—This cause is now before this court upon an appeal by the defendant from a judgment of conviction for grand larceny in the circuit court of the city of St. Louis.

The record discloses that on May 2, 1905, the assistant circuit attorney of St. Louis filed an information, duly verified, charging the defendant with grand larceny. The name of the prosecuting witness is Frank Hughes, and the property alleged to have been stolen was forty-nine dollars in money and a gold watch of the value of six dollars. The offense is alleged to have been committed on April 11, 1905. It also appears from the record that there was a waiver of formal arraignment and a plea of not guilty. On May 22, 1905, defendant was put upon his trial, which resulted in his conviction, and his punishment was assessed at five years in the penitentiary. Defendant in proper time filed his motion for a new trial, which was overruled at the same term of the court at which he was convicted. Defendant then filed a motion in arrest of judgment, and the record discloses that this motion was continued till the next term, which was the June term. At the June term the motion in arrest of judgment was overruled and a bill of exceptions was filed. The record fails to disclose the

preservation by bill of exceptions of the action of the court overruling defendant's motion for a new trial at the term of court at which such motion was overruled; nor does it show any extension of time given defendant for filing such bill at any subsequent date.

The filing of a motion in arrest of judgment which was continued to the next regular term, and the filing of the bill of exceptions at such subsequent term, does not in any way preserve the action of the court in overruling the motion for a new trial; hence, the bill of exceptions filed in this case at such subsequent term does not authorize this court to review errors complained of during the progress of the trial, and there is nothing before us for consideration except the record proper. We deem it unnecessary to discuss this proposition in view of the recent rulings of this court in the cases of State v. Miller, 189 Mo. 673; State v. Larew, 191 Mo. 192; and State v. Goehler, 193 Mo. 177, where this question is expressly determined and the rule announced as herein indicated.

We have examined the record proper and find that the information properly charges the offense, and that the defendant answering such charge waived formal arraignment and entered his plea of not guilty. The record also discloses that the trial proceeded in proper order and that the jury were regularly empaneled and sworn to try the case, and the return of the verdict and entry of judgment in accordance therewith appear in every particular in proper form and in accordance with the law governing trials in criminal cases. Finding no error in the record proper the judgment of the trial court should be affirmed, and it is so ordered.

All concur.