THE STATE v. GOLDIE JACKSON, Appellant.

Division Two, February 18, 1908.

BILL OF EXCEPTIONS: Filed Out of Time: Motion for New Trial. Where defendant files a motion for new trial, which is continued to the next term and overruled, and no bill of exceptions is filed at the term during which the motion for new trial is overruled, and no leave is asked or obtained to file the bill of exceptions in vacation or at the next term, a bill filed at such subsequent term cannot be considered.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

There is nothing before this court except the record proper, which contains no error. On April 10, 1906, the defendant was tried and convicted. Her motion for a new trial was promptly filed and continued till the next term. At the next term her motion for a new trial was overruled. Her motion in arrest was then filed; and said motion was continued till the next term. No bill of exceptions was filed at the term at which the motion for a new trial was overruled, neither was leave then given to file a bill in the future. Therefore, at the end of the term at which the motion for a new trial was overruled, defendant lost the right to ask the court to file a bill of exceptions, and the trial court lost the power to preserve the proceedings of that term in a bill of exceptions. State v. Harroun, 199 Mo. 258; State v. Goehler, 193 Mo. 177; State v. Larew, 191 Mo. 192; State v. Miller, 189 Mo. 673.

GANTT, J.—This is an appeal from a sentence of the circuit court of the city of St. Louis.

The defendant was prosecuted by information, duly verified, filed by the circuit attorney of said city. She was duly arraigned and pleaded not guilty. A trial was had on April 10, 1906, and resulted in her conviction and sentence to the penitentiary.

The information charged the defendant with the larceny of seventy-five dollars from the person of one Reuthinger in the nighttime. After the verdict of guilty defendant filed her motion for a new trial, which was continued to the next term. At the next term the motion was overruled and she then filed a motion in arrest, which was continued to the next term. No bill of exceptions was filed at the term during which the motion for new trial was overruled, nor was leave asked or obtained to file a bill of exceptions in vacation or

at the next term. In this state of the record the Attorney-General insists that all matters of exception are foreclosed, and that there is nothing before us except the record proper, and we think there is no avoidance of this contention. Such was our ruling in State v. Miller, 189 Mo. 673, and in State v. Larew, 191 Mo. 192, we reviewed all the decisions of this court and reaffirmed the Miller case. Since then the same question has received the same answer in State v. Goehler, 193 Mo. 177, and State v. Harroun, 199 Mo. 258. It necessarily follows that there is nothing before us for consideration save the record proper, and there is no irregularity or error in that, and the judgment must be and is affirmed.

*Fox, P. J.,* and *Burgess, J.,* concur.