State v. Ammons.

---

## THE STATE v. REUBEN AMMONS and GEORGE GERNON, Appellants.

**Division Two, May 18, 1909.**

1. **BILL OF EXCEPTIONS: Not Filed at Term.** Where no order allowing the appellant time in which to file his bill of exceptions was made at the term at which the motion for a new trial was overruled, such an order made at a subsequent term at which his motion in arrest, timely filed, was overruled, is of no legal force, and a bill of exceptions filed in pursuance of said order cannot be considered on appeal. The bill must be filed at the term at which the motion for a new trial is overruled or an order must be made at that term allowing time in which to file it.

2. **PUNISHMENT: Not Fixed by Jury.** Where the jury finds defendant guilty of an assault with intent to kill but does not fix his punishment, the court has authority to assess and declare the punishment.

Appeal from St. Louis City Circuit Court.—*Hon. C. Orrick Bishop,* Judge.

AFFIRMED.

*Elliott W. Major,* Attorney-General, and *Chas. G. Revelle,* Assistant Attorney-General, for the State.

(1) No order extending the time to the December term was made at the term during which the motion for new trial was overruled, and the filing of the bill of exceptions at the subsequent term does not preserve the action of the court in overruling the motion for new trial, and nothing can be considered here but the record proper. State v. Goehler, 193 Mo. 177; State v. Larew, 191 Mo. 192; State v. Harroun, 199 Mo. 258; State v. Jackson, 209 Mo. 398. (2) The jury having found defendants guilty, it became the duty, and was proper, for the court to determine their respective ages, and finding that they were under the age of eighteen years, to commit them to the Training School for the shortest term. The verdict and judgment are in proper form. R. S. 1899, sec. 7759; R. S. 1899, secs. 2648 and 2649; Ex parte Cohen, 159 Mo. 662.

GANTT, P. J.—This prosecution was begun on the 5th day of June, 1906, by the circuit attorney of the city of St. Louis, by an information duly verified and filed in the office of the clerk of the circuit court for criminal causes. The defendants were arrested and duly arraigned.

On November 1, 1906, the defendants were put on trial before a jury and were each convicted of an assault with intent to kill as charged in the information and the jury further found that each of the defendants was under the age of eighteen years. In due time they filed their motions for a new trial, which were overruled on November 26, 1906. At the same term, they filed their motions in arrest, which were continued to the December term, 1906, and again continued to the February term, 1907, at which last-mentioned term they were overruled. Thereupon

each of the defendants was sentenced to the Missouri Training School for Boys for a period of two years and from that sentence they appealed to this court.

At the February term the defendants were allowed until February 24, 1907, to file their bill of exceptions and the same was filed February 21, 1907. No order extending the time for filing the bill of exceptions to the December term, 1906, was made at the November term, at which the motion for new trial was overruled.

I. It is apparent that the filing of the bill of exceptions at the February term, 1907, did not preserve the exceptions taken at the November term, 1906, and there is nothing before this court for review except such matters as are raised by the motion in arrest filed at the December term, 1906, and continued to the February term, 1907, and the record proper. This is the settled ruling of this court. [State v. Larew, 191 Mo. 192; State v. Goehler, 193 Mo. 177; State v. Harroun, 199 Mo. 258; State v. Jackson, 209 Mo. 397.]

II. The motion in arrest assails the information and verdict. The information is in the often approved form and amply sufficient to charge an assault with intent to kill with malice aforethought.

The jury found the defendants guilty of an assault with intent to kill, but did not assess their punishment. By virtue of section 2649, Revised Statutes 1899, in these circumstances, the court was authorized to assess and declare punishment as it did. [State v. Foster, 115 Mo. l. c. 450, 451.] By virtue of section 7759, Revised Statutes 1899, the defendants having been found by both the court and jury to be under the age of eighteen years, the court was authorized to sentence them to the State Reform School for two years, which it did.

We discover no error in the record proper and the judgment of the circuit court is in all things affirmed.

*Burgess* and *Fox, JJ.,* concur.