May Term, 1857.

THE STATE
v.
SWARTS.

9   221
130  557

9   221
162  178

---

## THE STATE on the relation of FOSTER and Wife *v.* SWARTS and Others.

Unless the record is made up under section 347 of the practice act, it must show that a motion was made for a new trial, that motion being in all other cases essentially necessary to bring a question before this Court.

There can be no exception to the finding and judgment of a Court.

Though the bill of exceptions close with the technical words, "this was all the evidence," &c., still if the bill show on its face that there was other evidence, the formal words are not sufficient.

APPEAL from the *Warren* Court of Common Pleas.

STUART, J.—*Foster* and wife are the relators. They sued *Daniel Swarts* and his sureties, as the executor of *John Swarts*, deceased, on his bond. The breach alleged is the failure to pay a legacy of 50 dollars, which the testator by his will left to his daughter, *Elizabeth Foster*. It is further averred, that in settling with the Court, the executor retained this legacy in his hands; and that when afterwards demand was duly made, he refused to pay, &c.

Answer, that afterwards *Foster* and wife, by letter of attorney duly signed, &c., constituted and appointed one *John Regle* their attorney in fact, for them and in their behalf to collect the said 50 dollars, the legacy mentioned; and that accordingly the executor paid the said attorney in fact, and took his receipt therefor. The power of attorney and receipt are exhibited—the one dated *December* 6, 1852, and the other *May* 5, 1855.

On the issue joined on this answer, and other issues— one of fraud in procuring the receipt from *Regle* by the executor—the cause was submitted to the Court. Finding and judgment for the defendants. *Foster* and wife appeal.

*Thursday, June 4.*

May Term,
1857.

THE STATE
v.
SWARTS.

The question sought to be presented is one of great interest and importance. It appears that the executor did not pay the attorney in fact, *Regle*, any money. It was concerted between the executor, *Regle*, and *Haynes & Co.* that the latter should pay *Regle*, and procure his receipt to the executor for the legacy. The executor was to give his note to *Haynes & Co.* for 50 dollars, and *Regle* was to settle that amount at *Haynes & Co.'s* store. This arrangement was carried out. *Regle* was paid by three dollars in money, and the balance credited as cash on his account with *Haynes & Co.* At the date of the suit, the note of the executor was yet unpaid. It is further shown that *Haynes & Co.* knew about the legacy and the relative position of the several parties. It may be very doubtful whether this was a payment of the legacy.

But the record does not present the question. The bill of exceptions runs thus: "Which was all the evidence given on the trial of the above entitled cause. Wherefore the Court found for the defendant, and rendered judgment accordingly. To which finding and rendition of judgment the plaintiff excepts, and prays that his several bills of exception may be signed," &c.

There are two fatal objections to the form of this record—

1. It does not appear that the plaintiff moved the Court for a new trial. This was essential to enable the Court to review its own action. *Stump* v. *Fraley*, 7 Ind. R. 679. It is due to the lower Court that its errors, if any, should be pointed out there, so that it may retrace its steps while the record is yet under its control. Without a motion for a new trial, the attention of that Court is not called to its own errors. It is not apprised of what they are. That motion was essential to bring any of the questions arising in the trial, before us—unless the record had been made up under the 347th section of the practice act. *Doe* v. *Herr*, 8 Ind. R. 23, 24; *Zehnor* v. *Beard*, *id.* 96—particularly the opinion overruling the petition for a rehearing in the former case.

*Foster* and wife except to the finding and the judgment.

We know of no such practice, either under the old or new system. The finding of the Court stands precisely like the verdict of a jury. To except to the verdict of a jury when returned, would be a novel practice indeed. Neither has the exception to the finding or to the final judgment of the Court anything to recommend it but its novelty. We cannot encourage innovations on the system which the legislature has established. We must adhere to the statutory practice till time demonstrates its imperfection; and then the legislature, and not the Courts, must supply amendments.

2. The second defect is equally fatal. The bill of exceptions closes with the formal words, "this was all the evidence," &c. But, unfortunately, the bill itself elsewhere discloses that there was other evidence given which it does not contain. It opens by saying that the plaintiff gave in evidence a certain record. But there is no record copied into the bill of exceptions, or otherwise referred to. Hence, as the bill of exceptions does not contain that part of the evidence, it cannot contain all the evidence. It follows that the formal words, as to all the evidence in the cause, are not correct.

It is very probable that the bill of exceptions contains all the evidence on one branch of the case. And had the record been properly made up under the 347th section, 2 R. S. p. 116, the question argued would have been before us.

As the record neither contains all the evidence set out on a motion for a new trial overruled, nor is made up in accordance with the section referred to, the error assigned is unavailing.

*Per Curiam.*—The judgment is affirmed with costs.

*R. A. Chandler*, for the state.

*B. F. Gregory* and *J. Harper*, for the appellees.