## McKee v. Calvert *et al.*, *Appellants.*

1.  **Practice in the Supreme Court:** BILL OF EXCEPTIONS.   Where neither the motion for new trial nor that in arrest of judgment is preserved in the bill of exceptions, this court will only review such errors as are apparent in the record proper.

2.  **Petition:** ASSAULT AND BATTERY.   A petition for assault and battery which does not charge that the assault was wrongful, but alleges that it was " with force and arms," is good after verdict.

3   ————: ————: GENERAL VERDICT.   One good count in a petition containing two counts for the same cause of action, will support a general verdict.

*Appeal from   Clark Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Matlock & Hiller* and *Berkheimer* for appellants.

The petition does not allege that the assault was committed in a wanton, malicious, rude and aggravated manner, or dictated by a deliberate intention to vex, degrade and insult plaintiff.   *Green v. Craig*, 47 Mo. 90.   And there was no evidence that the assault was committed in such

manner and with such intention, and the court should not
have instructed for exemplary damages, plaintiff only being
entitled to actual damages. Sedgwick on Dam., (4 Ed.)
pp. 32, 610; *Plummer v. Hurburt*, 5 Clark (Iowa) 308;
*Buckley v. Knapp*, 48 Mo. 153, and cases cited; *Milburn v.
Beach*, 14 Mo. 104; *Graham v. Railroad Co.*, 66 Mo. 536;
*Engle v. Jones*, 57 Mo. 316.

*D. H. McIntyre* and *F. M. Brown* for respondent.

Neither the motion for new trial nor that in arrest of
judgment, is incorporated in the bill of exceptions. This
court, therefore, will not notice any of the alleged errors
occurring at the trial. *Collins v. Barding*, 65 Mo. 496; *Jef-
ferson City v. Opel*, 67 Mo. 394; *Robinson v. Hood*, 67 Mo.
660. The petition properly states a cause of action. *O'Leary
v. Rowan*, 31 Mo. 117; 2 Estee's Plead., pp. 1, 4.

PHILIPS, C.—This is an action for damages for an as-
sault and battery. Verdict and judgment for plaintiff for
the sum of $250. Defendant has brought the case here
on appeal. Neither the motion for new trial nor in arrest
are preserved in the bill of exceptions, and therefore no
alleged errors committed in the progress of the trial can be
considered or reviewed by this court. *Collins v. Barding*,
65 Mo. 496; *Jefferson City v. Opel*, 67 Mo. 394; *Robinson v.
Hood*, 67 Mo. 660; *State ex rel. Estes v. Gaither*, 77 Mo. 304.
On this record no errors are reviewable save such as are
apparent in what is known as the record proper.

It is objected to the petition that it does not state facts
sufficient to constitute a cause of action. It charges that
on the 13th day of February, 1880, at the county of Clark,
State of Missouri, with force and arms, the defendant
assaulted, beat and bruised, cut and wounded the plaintiff,
by reason of which he sustained damage in the sum of
$1,000, for which he prayed judgment. For further cause
of action it is alleged that on the day and place aforesaid,

the defendants did unlawfully, with their fists, sticks, knives, and other sharp instruments, assault, beat, and bruise and wound plaintiff, and other wrongs and injuries to plaintiff then and there did, by reason of which he had sustained damages in the sum of $1,000, for which judgment is prayed.

The only tangible objection to the petition occurring to us is, that it is not affirmatively averred in the first count that the assault was wrongful, but it is alleged that it was "with force and arms," and this we think would be good after verdict. The second count was unquestionably sufficient. And while the petition apparently counts as if for two separate causes of action, they are manifestly for one and the same assault and battery. In such case the good count will support a general verdict for the plaintiff. *Brownell v. Pacific Railroad*, 47 Mo. 240.

We perceive no reversible error in the record, and the judgment of the circuit court is therefore affirmed. All concur.