STORY & CAMP, Appellants, v. JAMES W. RAGSDALE, Respondent.

Kansas City Court of Appeals, April 5, 1888.

PRACTICE—MOTION FOR NEW TRIAL NOT INCORPORATED IN BILL OF EXCEPTIONS—CASE ADJUDGED.—Where the motion for new trial was not preserved and incorporated in the bill of exceptions (as in this case), this court will not consider errors arising during the progress of the trial. The mere reference to the motion in the bill of exceptions, by citing the page of the transcript on which it may be found, was not sufficient. The motion for new trial was not a part of the record proper, and could only become a part of the record by being incorporated bodily in the bill of exceptions.

APPEAL from Randolph Circuit Court, HON. G. H. BURCKHARTT, Judge.

*Affirmed.*

The case is stated in the opinion.

W. B. SANFORD, for the appellants.

BEN. T. HARDIN, for the respondent.

I.   Although the clerk refers to the record proper for the motion for a new trial, it nowhere appears in the

bill of exceptions, and will not be noticed by this court. *State v. Jansen*, 80 Mo. 97 ; *McKee v. Calvert*, 80 Mo. 348 ; *State v. Sweeney*, 68 Mo. 97 ; *City v. Opel*, 67 Mo. 394 ; *Robinson v. Hood*, 67 Mo. 660, and cases cited.

II.    The motion for new trial must be copied in full in the bill of exceptions, and "unless incorporated bodily in the bill, they cannot be noticed by this court." *City v. Opel*, 67 Mo. 394.    "And it is of no avail to appellant that the motion for new trial is copied in the record proper where it does not belong, if omitted from the bill of exceptions, where, and where only, it does properly belong." *Stevenson v. Saline Co.*, 65 Mo. 425 ; *Collins v. Barding*, 65 Mo. 496 ; *State ex rel. v. Gaither*, 77 Mo. 305.

III.    And mere reference to the page of the transcript where it can be found, will not answer. *Collins v. Barding*, 65 Mo. 496 ; *City v. Opel*, 67 Mo. 394.

HALL, J.—The errors complained of on this appeal arose during the progress of the trial. We cannot consider those errors, because the motion for new trial was not preserved and incorporated in the bill of exceptions. *McKee v. Calvert*, 80 Mo. 348 ; *State ex rel. v. Hitchcock*, 86 Mo. 231 ; *Stevenson v. Saline County*, 65 Mo. 425 ; *State ex rel. v. Burckhartt*, 83 Mo. 432.    A motion for new trial was in fact filed, and the clerk has set it out in the transcript as a part of the record proper ; and reference is made to said motion in the bill of exceptions, by citing the page of the transcript on which it may be found. The motion for new trial was not a part of the record proper, and could only become a part of the record by being incorporated bodily in the bill of exceptions. The mere reference to the motion was not sufficient. *Jefferson City v. Opel*, 67 Mo. 394 ; *Collins v. Barding*, 65 Mo. 496 ; *Kohn v. Lucas*, 17 Mo. App. 30 ; *McKee v. Calvert*, 80 Mo. 348.

Judgment affirmed.    All concur.