[No. 649.   September 1, 1896.]

## PERFECTO PADILLA, PLAINTIFF IN ERROR, V. TERRITORY OF NEW MEXICO, DEFENDANT IN ERROR.

CRIMINAL LAW—INSTRUCTIONS—PRACTICE, APPELLATE.—Instructions in a criminal case, not excepted to below, are not reviewable in the appellate court.

ERROR, from a judgment of conviction for murder, to the First Judicial District Court, Rio Arriba County. Affirmed.

The facts are stated in the opinion of the court.

CHARLES A. SPIESS for plaintiff in error.

The defense of alibi needs only to be established to the extent of raising in the minds of the jurors a reasonable doubt as to its truth, and the burden is never on the defendant to prove the same.   Toler v. State, 16 Ohio, 583; Fife v. Comm., 9 Pa. St. 429; French v. State, 16 Ind. 670; Pollard v. State, 15 Miss. 410; Chappell v. State, 7 Colo. 92; Gibbs v. State, 1 Tex. App. 12; Otmer v. People, 76 Ill. 149; Howard v. State, 50 Ind. 190; Comm. v. Choate, 105 Mass. 451; State v. Storms, 94 N. C. 973; State v. Chee Gong, 16 Ore. 534; People v. Chun Heong, 86 Cal. 309; People v. Nelson, 85 Id. 421; State v. Shroyer, 104 Mo. 441; Mullens v. People, 110 Ill. 442; State v. Freeman, 100 N. C. 429; People v. Stone, 117 N. Y. 480; Hogue v. People, 117 Ill. 35; Blankenship v. State, 55 Ark. 244; Walters v. State, 39 Ohio St. 215; Rudey v. Comm., 108 Pa. 500.   See, also, Davis v. U. S., 160 U. S. 469; State v. Reed, 62 Iowa, 40, per ADAMS, J.

JOHN P. VICTORY, solicitor general, for the territory.

Alibi, like insanity, is an affirmative defense, and the burden of proof is on the defense to establish it by a preponderance of evidence. Thomp. on Trials, sec. 2437; Comm. v. Webster, 5 Cush. 296, 323, 324; State v. Vincent, 24 Iowa, 570, 578; State v. Hardin, 46 Id. 623, 629; State v. Red, 53 Id. 69; State v. Reed, 62 Id. 40; State v. Kline, 54 Id. 183; State v. Northrup, 48 Id. 583; State v. Hamilton, 11 N. W. Rep. (Iowa) 598.

No motion was filed or made for a new trial in the court below, and this court will not review an alleged erroneous decision where the objection to it is not specifically pointed out on a motion for new trial. Territory v. Anderson, 4 N. M. (Gil.) 213; State v. Williams, 13 Wash. 335.

COLLIER, J.—This cause comes up to this court upon writ of error, the plaintiff in error, Perfecto Padilla, having been convicted in the district court of the county of Rio Arriba of murder, as charged in the indictment, and sentenced to be hanged.

The indictment charges, in an exclusive way and by apt averments, the crime of murder in the first degree, and the verdict needs no other aid than the indictment for a clear understanding of its import and meaning. All the proceedings had and apparent upon the record proper show due procedure in the cause, and, therefore, the judgment of the lower court should be affirmed, unless other error duly excepted to and the exception saved and incorporated in a bill of exceptions is reviewable here and is adjudged reversible.

There is a bill of exceptions made a part of the record in the cause, but it includes merely the testimony of the defendant given on the trial of the case

with some minor exceptions to the rulings of the court upon objections made, and the instructions of the court to the jury, as to which no exceptions were taken; and the bill of exceptions fails to show that any motion for new trial was made in the cause.

The only error alleged here is to the instruction of the court upon the subject of ALIBI testified to by defendant. In Territory v. O'Donnell, reported in 4 N. M. (Gildersleeve) 208; and Territory v. Baker, Id. 238, this court held, even where there is a motion for a new trial in the trial court, that where no objection or exception was shown by the record to have been made to the instructions, they could not be considered here. It is specifically held that our statute requiring exception to be taken at the time of the court's decision applies as well to criminal as to civil cases. Comp. Laws, sec. 2197. Several decisions of our own court are cited in that case to the same effect, such as Territory v. Yarberry, 2 N. M. 391; Leonardo v. Territory, 1 N. M. 291; Coleman v. Bell, 4 N. M. 21, and decisions from many states, and others from the United States Supreme Court, e. g., U. S. v. Breitling, 20 How. 352; Wood v. Weimer, 104 U. S. 786.

. Since the O'Donnell and Baker cases this court has frequently enforced the plain provisions of our statute as to the taking of exceptions as see Sierra Co. v. Dona Ana Co., 5 N. M. 190, and the case of Laird v. Upton, handed down at this term.

As to whether rulings upon questions of law decided in the progress of the cause, and not in the record proper, can be reviewed at all without motion for a new trial, notwithstanding there is a bill of exceptions, no case of this court has been called to our attention. There is abundant authority in support of the contention, that the trial court must be given an opportunity to review its rulings made on the trial be-

fore they will be considered here. Facts in evidence will not, this court has decided, be considered on review without such motion. Spiegelberg v. Mink, 1 N. M. 308; Sierra Co. v. Dona Ana Co., supra. Among the authorities called to our attention that no questions arising on the trial will be considered in appellate courts without motion for new trial having been made, we cite: Elliott's Appellate Procedure, sec. 242; State v. Swartz, 9 Ind. 221; Starns v. State, 61 Id. 360; State v. Martin, 8 S. W. Rep. (Mo.) 217; Story v. Ragsdale, 30 Mo. App. 196; Alpers v. Scannell, 7 Colo. 590; Harrington v. Latta, 36 N. W. Rep. (Neb.) 364; Sanborn v. Murphy, 25 S. W. Rep. (Tex.) 459; Oney v. Clenderin, 28 W. Va. 34.

It however is not necessary to decide this question, as both by our statute and repeated adjudications of this court thereon, the error complained of not having been excepted to, can not be here reviewed.

The act of 1889, chapter 1, section 4, in nowise changes the rule on this subject, as has been recently held by the United States supreme court in Grayson v. Lynch on appeal from this court, and reported in United States Supreme Court Reporter, volume 16, number 30.

Finding no error in the record, this cause is accordingly affirmed.

SMITH, C. J., and HAMILTON and BANTZ, JJ., concur.