State v. Revely.

THE STATE v. REVELY, *Appellant.*

### Division Two, November 7, 1898.

1. **Appeals:** MOTIONS FOR NEW TRIAL: NO EXCEPTIONS. In this case the motion for a new trial was made a part of the record proper, but was not copied into the bill of exceptions, and the only reference therein made to it was this: "Defendant filed his motion for a new trial in words and figures as set out on page number 19." *Held* that, as the motion was not copied into the bill of exceptions and no direction was contained therein to the clerk to copy the same, it will not be considered by this court.

2. ———: ———: WHAT BILL SHOULD CONTAIN. All proceedings not part of the record proper should be made part of the bill of exceptions.

*Appeal from St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*Edward C. Crow,* Attorney-General, *Sam B. Jeffries,* Assistant Attorney-General, and *W. W. Graves,* for the State.

The alleged errors assigned by the defendant in his motion for new trial, can not be considered by this court, for the reason that the motion for new trial is not properly preserved and incorporated in the bill of exceptions. By an examination of the transcript on file in this court, it will be found that the bill of exceptions begins on page 28 thereof; that reference is made to the motion for new trial on page 230 thereof; that the language there used is "and within four days thereafter defendant filed his motion for new trial in words and figures as set out on page 19;" that there is no motion for new trial on page 19 of the bill of excep-

tions, or upon any other page of the bill of exceptions; that the motion for new trial appears nowhere in this record, except on page 19 of the record proper, where it has been interpolated by the clerk; that there is no direction to the clerk to copy the motion for new trial in the bill of exceptions, or elsewhere. *Jefferson City v. Opel,* 67 Mo. 394; *Collins v. Bardin,* 65 Mo. 496; *McKee v. Calvert,* 80 Mo. 348; *State v. Griffin,* 98 Mo. 672; R. S. 1889, sec. 2304; *State v. Wray,* 124 Mo. 542; *Arnold v. Boyer,* 108 Mo. 310; *Story & Camp v. Ragsdale,* 30 Mo. App. 196.

BURGESS, J.—At the May term, 1897, of the circuit court of the city of St. Louis the defendant was convicted of murder in the second degree under an indictment theretofore preferred against him by a grand jury of said city, and his punishment fixed at ten years imprisonment in the penitentiary, for having stabbed to death with a knife one Michael Green at said city on the eighth day of February, 1896. Defendant appealed.

At the time of the homicide deceased was a waiter at Peckington's saloon in the city of St. Louis. Sometime between 8 and 9 o'clock on Saturday evening, February 8, 1896, defendant went into the saloon and up to the lunch counter and got a lunch, when deceased made some remark to him which seemed to anger him. He then left the saloon, but in ten to fifteen minutes returned again. Deceased was then waiting on some people at a table. Defendant said to him, "Now you scoundrel here I am again, if you want anything out of me, I am here for it." Just after this remark they came together as if scuffling, and were separated by some of those present. Green then stepped back, when defendant followed him up and

stabbed him in the heart with a knife, from the effects of which he died a few days thereafter.

The defense interposed was that the stabbing was done in self-defense, which there was some evidence to sustain. The court instructed for murder in the second degree, manslaughter in the fourth degree, and self-defense. Defendant is not represented in this court.

The motion for a new trial is not made part of, or copied into the bill of exceptions, but is copied in the record proper, and it is now insisted by counsel for the State, that as it was not made part of the record by bill of exceptions or by direction to the clerk in the bill of exceptions to copy the same, that it is no part of the record, and can not be considered by this court.

By section 2304, Revised Statutes 1889, it is provided that it shall not be necessary, for the review of the action of any lower court by the Supreme Court or courts of appeal on appeal or writ of error that the motion for a new trial, in arrest of judgment, or instructions filed in the lower court, shall be copied or set forth in the bill of exceptions filed in the lower court, *provided* the bill of exceptions so filed contains a direction to the clerk to copy the same, and the same are so copied into the record sent up to the appellate court. The only way that the motion for a new trial could have been made part of the record was by copying it into the bill of exceptions, or into the record proper by the clerk in pursuance of directions to that effect. The only reference to the motion for a new trial in the bill of exceptions is in the following words: "Defendant filed his motion for a new trial in words and figures as set out on page number 19," and this was no compliance with the statute. All proceedings not part of the record proper can only be preserved and made

so by bill of exception, and the motion for a new trial was not part of the record proper.

In *State v. Griffin*, 98 Mo. 672, it was held that where a motion for a new trial is not set forth in the bill of exceptions, and there is no direction to the clerk to copy the same, no notice will be taken of it by the appellate court and only the record proper will be considered. The same rule is announced in *State v. Wray*, 124 Mo. 542.

We can therefore only examine the record proper, and this we find free from error.

The judgment is affirmed.    GANTT, P. J., and SHERWOOD, J., concur.