THE STATE v. HERRON, Appellant.

Division Two, November 20, 1906.

NO BILL OF EXCEPTIONS: Record Proper. Motions for new trial and in arrest, and the instructions, have no place in the record proper, and in the absence of a bill of exceptions preserving the action of the court upon such matters, they cannot be considered in the appellate court. And where there is no bill of exceptions, and the record proper is free from error, the judgment will be affirmed.

Appeal from Lawrence Circuit Court.—*Hon. Hugh Dabbs,* Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1)   Leave was granted defendant to file his bill of exceptions, but no bill was filed. The clerk of that court has copied into the record proper what purports to be the motion for a new trial, the motion in arrest of judgment and the instructions given. But, in the absence of a bill of exceptions, said matters cannot be considered, as they have no place in the record proper. State v. Harvey, 105 Mo. 316; State v. Irwin, 171 Mo. 558; State v. Sheham, 25 Mo. 465.   (2)   Where there is no bill of exceptions and no error appearing in the record proper, the judgment will be affirmed. State v. Wright, 186 Mo. 121; State v. Carnell, 186 Mo. 188.

FOX, J.—This cause comes here upon appeal by the defendant from a judgment of conviction in the circuit court of Lawrence county for robbery in the first degree. On the 3rd day of January, 1905, the prosecuting attorney of Lawrence county filed an information, duly verified, charging the defendant and Otis Herron, Fred Herron and Thomas Finn with robbery in the first degree. On his application the defendant was granted a severance, and on his application defendant was granted a change of venue on account of the prejudice of the regular judge of that court, Hon. F. C. Johnston. Hon. James T. Neville, judge of the Eighteenth circuit, was called in, but failed and declined to come. By agreement of both sides, Hon. Hugh Dabbs, judge of the Twenty-fifth circuit, was called in and presided at the trial. At the November term, 1905, the defendant was convicted and his punishment assessed at ten years in the penitentiary. After filing unsuccessful motions for a new trial and in arrest of judgment, defendant appealed. At his request, the court granted the defendant leave to file his bill of exceptions till during the next term of court, but no bill was filed; hence, this appeal presents only the record proper for consideration.

While in the transcript before us we find that the clerk of the court, in certifying the cause to this court, has copied in the record proper what purports to be the motions for new trial and in arrest of judgment, as well as the instructions given by the court, yet, in the absence of a bill of exceptions preserving the action of the court upon such matters they cannot be considered and have no place in the record proper. The information disclosed by the record, filed by the prosecuting attorney of Lawrence county, was duly verified, and sufficiently charges the offense of which the defendant was convicted. Upon being formally arraigned the defendant entered his plea of not guilty and was put upon his trial, and was convicted and his punishment

assessed as herein indicated. The trial of the defendant, so far as the record proper discloses, seems to have been in every way regular. The jury were duly impaneled and sworn to try the case and their verdict and the judgment of the court in conformity to it is in approved form. Finding no error, the judgment in this cause should be affirmed, and it is so ordered.

All concur.