STATE ex rel. G. E. WAGGONER, Respondent, v. ADOLPH LEICHTMAN et al., Appellants.

Springfield Court of Appeals, July 7, 1910.

1. APPELLATE PRACTICE: Motion for New Trial: Bill of Exceptions. The motion for a new trial must be copied in the bill of exceptions, or the bill of exceptions must contain a direction to the clerk to copy the same and if neither of these are done, the motion for a new trial does not form a part of the record of the case for an appeal and the appellate court cannot consider it.

2. ———: ———: ———: Record Proper. The motion for a new trial is not a part of the record proper and it is not sufficient on appeal that it appears in the printed abstract as a part of the record proper.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*S. H. McCarty* and *Ward & Collins* for respondent.

(1) A motion for a new trial not incorporated in the bill of exceptions, though contained in the transcript, cannot be noticed by the appellate court. Stephens v. Saline Co., 65 Mo. 425; McCullen v. Hedges, 20 Mo. App. 688; Rotchford v. Creamer, 65 Mo. 48; State v. Janson, 80 Mo. 97; McKey v. Calvert, 80 Mo. 384; State ex rel. v. Burthartt, 83 Mo. 430; Demske v. Hunter, 23 Mo. App. 466; Hill v. Taylor, 99 Mo. App. 524. (2) A motion is not a part of the record of the cause, unless it is made such by being incorporated in the bill of exceptions. Monroe v. Fink, 40 Mo. App. 370; Conn v. Lucas, 17 Mo. App. 29; Hubert v. Quisenberry, 32 Mo. App. 459; Mopler v. Skellett, 36 Mo. App. 134; Force v. Van Patton, 149 Mo. 446. (3) Motion for a new trial or in arrest, being no part of the record proper, can only be brought up by bill of exceptions and must therein be incorporated. Peachers v. Patrick, 53 Mo. 251; Barnes v. Drew, 131 Mo. 548. (4) A motion for a new trial or in arrest will not be considered on appeal if not contained in the bill of exceptions; such motions are not entitled to the attention of the appellate courts, because copied in the record and attested by the clerk. Puller v. Thomas, 36 Mo. App. 105; Lloyd v. Thurman, 69 Mo. App. 145; Johnson v. Bedford, 90 Mo. App. 43.

*Duncan & Bragg* for appellant.

COX, J.—Action for damages upon attachment bond, trial by jury, verdict for plaintiff for ninety-five dollars, and defendant has appealed.

Plaintiff insists that the errors complained of in this case cannot be reviewed by this court for the reason that the motion for new trial is not preserved in the bill of exceptions.

The motion for new trial is not copied in the bill of exceptions nor is there any direction therein for the

clerk to copy the same in the transcript.  The only reference to the motion for new trial in the bill of exceptions is the following:

"Thereafter, and at the same term, on the ———— day of September, 1908, and within four days after the trial of said cause, the defendants filed their motion for a new trial in said cause and also a motion in arrest of judgment, as shown by entry of record at the time as appears on pages 10-12 of this abstract:  To the overruling of said motions and each of them, the defendants then and there excepted at the time."

This reference does not amount to a direction to the clerk to copy the motion for new trial.  [State v. Revely, 145 Mo. 660, 662, 47 S. W. 787.]

The appellant, in his abstract of the record, has copied the motion for new trial supposed to have been filed in this case but the motion for new trial is not a part of the record proper, and the only repository provided by the law for its preservation is the bill of exceptions.  Section 864, Revised Statutes 1899, provides, "No exception shall be taken in an appeal or writ of error to any proceedings in the circuit court except such as shall have been expressly decided by such court," and the only way the appellate court may be informed of what the trial court did to which the appellant took exceptions outside of what may appear in the record proper is the information it gleans from the bill of exceptions filed in the trial court.

Section 866, Revised Statutes 1899, provides as follows: "But it shall not be necessary for the review of the action of any lower court on appeal or writ of error that any pleading, motion, instruction  or record entry in the case, or any written or printed matter offered in evidence upon the trial and properly identified and deposited with the clerk to remain in his custody until after the determination of the cause in the appellate court shall be copied or set forth in the bill of exceptions filed in the lower court; provided the bill of ex

ceptions so filed contains a direction to the clerk to copy the same, and the same are so copied into the record sent up to the appellate court."

From these provisions of the statute it is clear that the motion for new trial must be copied in the bill of exceptions, or the bill of exceptions must contain a direction to the clerk to copy the same, and if neither of these things are done the motion for new trial does not become a part of the record of the case on appeal, and the appellate court cannot consider it. This has been so often decided that it is not necessary to multiply authorities in support thereof. [State v. Herron, 199 Mo. 159, 97 S. W. 878; State v. Ruck, 194 Mo. 416, 428, 92 S. W. 706; Coy v. Landers, 125 S. W. 789.]

No error appearing in the record proper, the judgment will be affirmed. All concur.