J. B. PUGSLEY, Respondent, v. THE OZARK COOPERAGE & LUMBER COMPANY, Appellant.

Springfield Court of Appeals, February 6, 1911.

1.    APPELLATE PRACTICE: Motion for New Trial: Bill of Exceptions.    The abstract of a bill of exceptions in referring to the motion for a new trial contained the following: "which said motion is in words and figures as follows, to-wit: (See Ante, pp. 17-18)."    The motion for a new trial was set out in full in the abstract of the record proper at pages 17 and 18. *Held*, that the motion for new trial should have been copied in the bill of exceptions and that mere reference to the motion was not sufficient; that the record proper was not the proper depository for the motion for the new trial.

2.    ———: ———: Record Proper.    In the absence of a motion for a new trial, only the record proper can be examined for error.

Appeal from St. Louis City Circuit Court.—*Hon. George C. Hitchcock,* Judge.

AFFIRMED.

*George B. Webster* for appellant.

*J. M. Lashley* and *Glendy B. Arnold* for respondent.

NIXON, P. J.—This suit was based on a written contract of sale, executed in the State of Arkansas, and was brought by the vendor (respondent) to recover of

the appellant the purchase price of 400,000, six foot,
coiled, elm barrel hoops, at $7.25 a thousand. The peti-
tion was in two counts. Upon trial before a jury, the re-
spondent recovered a judgment on the second count of
its petition in the sum of $507.50, whereupon defendant
appealed to the St. Louis Court of Appeals on the short
form and the cause has been transferred to this court.
Both parties have filed briefs in this court, thus elim-
inating the question of the jurisdiction of this court to
determine the case.

Respondent insists upon its contention that appel-
lant's abstract is defective in several particulars, and in
its brief claims, among other things, that as no mo-
tion for new trial is copied in the bill of exceptions, con-
tained in appellant's abstract, there are no exceptions,
presented to this court for review. In the abstract of
the bill of exceptions, we find the following: "And af-
terwards, to-wit, upon the 18th day of November, A. D.
1909, at the same term of court and within four days
after the rendition of said verdict, defendant filed its mo-
tion for a new trial, which said motion is in words and
figures as follows, to-wit:  (See ante, pp. 17-18)." The
motion for new trial is set out in full in the abstract of
the record proper at pages 17 and 18.

In the case of State ex rel. v. Leichtman, 130 S. W.
94, we said: "The appellant, in his abstract of the re-
cord, has copied the motion for new trial supposed to
have been filed in the case; but the motion for new trial
is not a part of the record proper, and the only reposi-
tory provided by the law for its preservation is the bill
of exceptions."

In an early case, a motion for a new trial was in
fact filed, but it was set out in the record proper and
reference made thereto in the bill of exceptions by cit-
ing the page on which it would be found. It was held
that the exceptions could not be considered as the mo-
tion for new trial was not a part of the record proper,
and could only become a part of the record by being

incorporated bodily in the bill of exceptions; and the mere reference to the motion was held insufficient. [Story & Camp v. Ragsdale, 30 Mo. App. 196, and cases cited. See, also, State v. Revely, 145 Mo. 660, 47 S. W. 787; State v. Herron, 199 Mo. 159, 97 S. W. 878.]

In the absence of a motion for new trial, we are permitted to examine only the record proper for error. [Coy v. Landers, 146 Mo. App. 1. c. 426, 125 S. W. 1. c. 794.] The petition, answer and reply we find in the abstract. In the clerk's office we find a certified copy of a judgment for $507.50. The petition states a cause of action and the judgment is good upon its face.

In the case of Harding v. Bedoll, 202 Mo. 1. c. 629, 100 S. W. 638, the Supreme Court said that the rules of appellate practice were established for the speedy and orderly determination of the work of appellate courts, and, continuing in this vein, said: "They are reasonable, and if examined by counsel, can readily be followed. The constructions of the rules have been very liberal, but should not be made so liberal as to annul the rules themselves. Nor can the court give a strained construction in one case and a more liberal one in another. The application of the rules, as made by the courts, is without respect to the case or the person. In some instances, neglect or oversight of counsel may work a hardship upon clients, but this case can furnish no reason for the construction of the rules such as should practically annul them. These rules apply to all persons, all cases and all representatives of clients, alike, and must be construed in one case just as they have been or will be in another, irrespective of the case, the parties or their counsel." It is with the greatest reluctance that we are compelled to dispose of appeals in this manner, but the opposite party has asserted its rights and they cannot be ignored. We are in entire accord with the tendency to so liberalize and broaden the rules concerning abstracts as not to deprive litigants of a review of the merits of their cases in the appellate court,

and to this end we have amended our rules to the utmost. Our amended rules are broad enough to protect the appellant as to other defects claimed by respondent to exist, but as to the defect we have discussed, we have no alternative under the decisions of the Supreme Court.

Finding no error in the record proper, the judgment is affirmed. All concur.