## J. B. PUGSLEY, Respondent, v. OZARK COOPERAGE & LUMBER COMPANY, Appellant.

St. Louis Court of Appeals.    Argued and Submitted October 13, 1911.    Opinion Filed December 5, 1911.

1. **APPELLATE PRACTICE: Abstract: Call for Motion for New Trial.** Where the abstract of a bill of exceptions contained a call for the clerk to insert the motion for new trial in the proper place, and referred to the abstract of the record proper, where the motion for new trial was set out in full, such motion was duly preserved for review on appeal, under section 2083, Revised Statutes 1909.

2. ———: ———: **Preserving Instructions for Review.** Where the abstract of a bill of exceptions recited that the court gave the jury certain instructions, but did not set them out, they could not be reviewed on appeal, although reference was there made to another part of the abstract where they were set out, since instructions can become part of the record only by being preserved in the bill of exceptions.

3. **BILLS OF EXCEPTIONS: Authentication.** Where a bill of exceptions was signed by the judge who presided at the time it was filed, and the record shows that it was filed, it is sufficient.

4. **SALES: Contracts: Construction.** Where a contract of sale provided that defendant agreed to sell and plaintiff to purchase 400,000 hoops, to be delivered at plaintiff's place of business, and that defendant should, before acceptance or payment, have the right to inspect the hoops and reject such as failed to come up to the requirements, and it did not appear that plaintiff had separated that number of hoops from any others he then had on hand, the contract was executory and not executed; the title to the hoops not passing until they were accepted.

5. ————: **Executory Contracts: Action for Breach: Damages: Evidence.** Before the seller of goods can recover, under an executory contract of sale, for the buyer's refusal to accept the same, he must prove the market value of the same at the time and place of delivery; and hence the exclusion of evidence of market value, offered by the buyer to show that the seller had not been damaged, was error.

6. **CONTRACTS: Modification: Pleading: Evidence.** Where a written contract was unambiguous, evidence that the parties had interpreted or acted upon it otherwise than as written was not admissible, unless set up by proper pleadings.

Appeal from St. Louis City Circuit Court.—*Hon. George C. Hitchcock,* Judge.

REVERSED AND REMANDED.

*Geo. B. Webster* for appellant.

(1) The contract was not an executed one, but merely an agreement to purchase at a future time, so that the measure of the plaintiff's recovery was not the purchase price, but rather the difference between that and the market price at the time and place of delivery. Hence, it was error to give the plaintiff's third instruction and to rule out the defendant's evidence on market price. 1 Mechem, Sales, sec. 501; 1 Benj. Sales (Am. notes), secs. 353-7; Brock v. O'Donnell, 45 N. J. L. 441; s. c. 49 N. J. L. 230; El. Co. v. Bravinder, 14 Wash. 315; Jackson v. Jones, 22 Ark. 158; Schneider v. Westerman, 25 Ill. 415; Hardwick v. Am. Can. Co., 113 Tenn. 657; Fordice v. Gibson, 129 Ind. 7; Zwisler v. Storts, 30 Mo. App. 163; Glass v. Blazer Bros., 91 Mo. App. 567. Drug Co. v. Benedict, 104 Pac. 437. The plaintiff himself testified that at the time of making the contract only "about 300,000" hoops were manufactured and on the yard. Hence the 70,000 hoops involved in this appeal were yet to be manufactured, and the title to them did not therefore pass on the making of the contract. Deutsch v. Dunham, 72 Ark. 141; Comfort v. Kiersted, 26 Barb. 472;

Parsons v. Woodward, 22 N. J. L. 196; McConihe v. Railroad, 20 N. Y. 495; Iron Co. v. Pope, 108 N. Y. 232; Schneider v. Westerman, 25 Ill. 415; Johnson v. Hibbard, 29 Ore. 184; Tufts v. Lawrence, 77 Tex. 526. (2) The general rule is that the measure of damages when the buyer fails to receive the goods is the difference between the contract price and the market price at the time and place of delivery. Nelson v. Hirschberg, 70 Ark. 39; Morris v. Cohn, 55 Ark. 401; Brown v. Asphalt Co., 210 Mo. 260; Bank v. Ragsdale, 171 Mo. 168; Nelson v. Hirsch I. Co., 102 Mo. App. 498; Parlin Co. v. Boatman, 84 Mo. App. 285; Weltner v. Riggs, 3 W. Va. 445, 33 Cyc. 599. (3) There was no sufficient evidence to support a verdict against the defendant in this case. The court properly instructed the jury that if they found from the evidence that the Ozark Cooperage & Lumber Company took over the assets of the Ozark Cooperage Company without paying an adequate consideration and without paying the debts of the latter, then the defendant was liable if the cooperage company was. The court also charged that the burden was on the plaintiff to prove such facts. There was no evidence whatever to sustain a verdict under these instructions. The undisputed testimony of the witnesses Charlot and Webster showed the payment of $100,000 in preferred stock, worth par value for assets invoicing $103,000. This was an adequate consideration and relieved the defendant from liability. Warren v. Mayer F. & J. Co., 122 S. W. (Mo.) 1087; Hageman v. Railroad, 202 Mo. 249. (4) The instructions were conflicting, misleading and erroneous. Bahrenburg v. C. Schopp F. Co., 128 Mo. App. 526; Pollman C. Co. v. St. Louis, 145 Mo. 651.

*J. M. Lashly* and *Glendy B. Arnold* for respondent.

(1) There are no exceptions before this court for review. Appellant's abstract of the record proper

fails to show that any bill of exceptions was signed by the judge who tried the cause, or that any bill of exceptions was ordered filed by said trial judge or by an order of court. Harding v. Bedoll, 202 Mo. 625; Stark v. Zehnder, 204 Mo. 442. (2) There being no motion for a new trial copied in the bill of exceptions, contained in appellant's abstract, there are no exceptions presented to this court for review; and this is true even though the motion for new trial is set out in the abstract of the record proper. These are jurisdictional requirements, and cannot be waived by the parties. Phillips v. Jones, 176 Mo. 328; Stark v. Zehnder, 204 Mo. 442, 449; Rose v. Township Board, 163 Mo. 396; Hutchinson v. Patterson, 226 Mo. 174; State v. Rhodes, 220 Mo. 9; Graves v. Terry, 219 Mo. 595. (3) A bill of exceptions is a part of the record when signed by the trial judge and by him ordered filed, but there should be a record entry showing the filing thereof, and this record entry should be properly abstracted as to show the facts. That the bill of exceptions has been made a part of the record must come from the record proper and not from the recitals in the bill itself." Harding v. Bedoll, 202 Mo. 625. (4) It is admitted by appellant that plaintiff was the owner of the hoops before the sale, and entitled to the purchase money. He was, therefore, the real party in interest. R. S. 1909, secs. 1729 and 1730. (5) The bank was but a trustee of an express trust. In such case, either the real party in interest or the trustee may sue. Chouteau v. Broughton, 100 Mo. 406; Ellis v. Harrison, 104 Mo. 270. (6) This action is to recover the purchase money for goods sold and delivered. The title to the hoops became vested in the Ozark Cooperage Company upon delivery thereof to the railroad hoop yard at Knobel, Arkansas. Lynch v. Daggett, 62 Ark. 592; Anderson-Tully Co. v. Rozelle, 68 Ark. 307. (7) The contract was entered into and performed in the State of Arkansas and, therefore, must be con-

strued according to the laws of that State. Roach v. Type Foundry, 21 Mo. App. 118. (8) A sale of specific personal property may be final and complete where such is the intent of the parties, although something remains to be done subsequently by the seller as part of the consideration of the contract, as to deliver the property at a place mentioned." Lynch v. Daggett, 62 Ark. 592. (9) Where goods have been sold and delivered and the title thereto has become vested in the purchaser, the measure of damages is the purchase price. 5 Cyc. 599; Evans v. Railroad, 26 Ill. 189; 2 Joyce on Damages, sec. 1689. (10) When one corporation acquires all the assets of another corporation, issues its stock in exchange for the stock of the old company, and the old company ceases to be a going concern, and the new company continues the business, the new company receives the assets of the old company, burdened by its liabilities." Barrie v. Railways, 138 Mo. App. 557. (11) The appellate court will not consider exceptions to rulings of the trial court on instructions, unless the instructions are preserved in the bill of exceptions. State v. Hamlett, 212 Mo. 81; Thompson v. Reddick, 213 Mo. 564; Althoff v. Transit Co., 204 Mo. 172; Phillips v. Jones, 176 Mo. 328.

REYNOLDS, P. J.—This is an action on a written contract for the sale of 400,000 barrel hoops. The petition is in two counts, the first claiming $511.41, said to be the balance due on 330,000 hoops, the second claiming $507.50, said to be due on account of failure and refusal to accept and pay for 70,000 hoops. The contract given in evidence, in substance, sets out that plaintiff, in consideration of one dollar, to it in hand paid by defendant, "agree to sell" to defendant and the latter "agrees to purchase" from plaintiff, 400,000 six-foot hoops at $7.25 per thousand, and, to quote from the contract, "it being understood that all pay-

ments are to be made to the Bank of Knobel. All f. o. b. cars Knobel, Ark. Shipment to commence at once and continue thirty days. All of the above stock to be first-class of the grade mentioned, and to conform to standard specifications as understood by the trade. The count of all shipments to be guaranteed by party of the second part; party of the first part to credit up to party of the second part all stock found to be in excess of the amount called for by their invoice, and to deduct all shortages, both at contract prices. Terms: Thirty days net, or one per cent discount for cash within ten days from date of invoice.''

The answer, after a general denial, pleaded payment and accord 'and satisfaction, as well as failure to deliver 70,000 of the hoops of the kind contracted for.

At a trial before the court and jury there was a verdict for defendant on the first count, under the direction of the court, and one for plaintiff on the second count in the sum of $507.50, judgment following accordingly. From the judgment against it, defendant appealed to this court.

We transferred the case to the Springfield Court of Appeals under the provisions of an act of the General Assembly of this state (Session Acts, 1909, p. 396, now section 3939, R. S. 1909). There the judgment of the circuit court was affirmed on the ground that the abstract furnished by appellant failed to show that the motion for a new trial had been set out in the bill of exceptions, or there called for. The opinion of the Springfield Court of Appeals is reported under this same title 154 Mo. App. 386, 133 S. W. 859. When the case was transferred back to this court by the Springfield Court of Appeals in consequence of the decision of the Supreme Court in State ex rel. St. Louis Dressed Beef & Provision Co. v. Nixon et al., 232 Mo. 496, 134 S. W. 538, appellant, by leave of court, amended by interlining in the proper place in

the abstract of the bill of exceptions, the words ''Clerk will here insert same.'' The abstract as now amended as to this reads thus: ''And afterwards, to-wit, upon the 18th day of November, A. D. 1909, at the same term of court, and within four days after the rendition of said verdict, defendant filed its motion for a new trial; which said motion is in words and figures as follows, to-wit: (*Clerk will here insert some*). (See ante, pp. 17-18.) And thereafter, to-wit, upon the 20th day of December, A. D. 1909, at the December, 1909, term, to which said motion had been continued, the court did enter of record an order overruling defendant's motion for a new trial. To which action of the court in overruling and denying said motion for a new trial, defendant at the time duly objected and excepted, and still continues to except.'' The words inserted are those first above italicized.

In the abstract of the bill of exceptions this also appears: ''Thereupon the court gave and read to the jury the following instructions upon the part of the plaintiff: (See ante, pp. 12-13). To which action of the court in giving said instructions, and each of them, defendant duly objected and excepted, and still continues to except.'' Like entries appear as to all the other instructions given at the instance of plaintiff as well as to those given by the court of its own motion. Those given on motion of defendant, as well as those asked by defendant and refused, are referred to in the same way; that is to say, the instructions are not set out at all in the abstract of the bill of exceptions but are merely referred to as being found at such and such preceding pages of the abstract. Nor is there any recital that in the bill of exceptions there is any call for the clerk to insert them, as is done by amendment with respect to the motion for a new trial. Referring to the pages in the printed abstract which are cited, we find, under the heading, ''Abstract of the Record,'' matter designated as instructions and

purporting to have been asked, given or refused, as the case may be. The abstract of the record proper concludes with the recital that on a day named and within the time allowed therefor, the defendant presented its bill of exceptions which was thereupon signed, sealed and allowed and filed, and that "the said bill of exceptions is in words and figures as follows, to-wit:" Here follows the heading, "Bill of Exceptions," and the abstract of that. At the end of this abstract of the bill of exceptions, are the signatures of the judge "presiding at the time of filing this bill," and of the judge "presiding . . . at the trial of this case." Following this is the word, "Approved," with the signatures of counsel for the respective parties, and following appears this: "Filed March 23, 1910. Chas. R. Graves, Circuit Clerk."

Counsel for respondent contend that neither the motion for a new trial nor the instructions are before us and that there is nothing before us to show that any bill of exceptions was ordered filed by that judge or by an order of court.

Taking up these in their order, it appears, by the abstract of the bill of exceptions, that by the amendment above noted, made after the case came back to us from the Springfield Court of Appeals, that the motion for a new trial was properly called for to be copied by the clerk in the proper place in the bill of exceptions. We hold this is a substantial compliance with section 2083, R. S. 1909, and that the motion is properly before us. [Sanguinette v. Mississippi River & B. T. R. Co., 196 Mo. 466, l. c. 486 et seq., 95 S. W. 386.] We know of no case overruling this. Those cited by counsel for respondent certainly do not. The motion for a new trial and exception to the overruling thereof being duly preserved, permits us to go into the proceedings at the trial in so far as relates to matters otherwise properly preserved in and by the bill of exceptions.

We might dispose of all these objections to this abstract on the authority of the above case and of State v. Miller, 189 Mo. 673, 88 S. W. 607, there referred to, save for the decision of our Supreme Court in State v. Revely, 145 Mo. 660, 47 S. W. 787, where at page 662 almost the identical question here arising as to the instructions was passed on, it being there held that a reference to the motion for a new trial as being on such and such a page, without anything more, was not a compliance with the statute. In the case at bar, the defect as to the motion for a new trial has been cured, as we have before noted, but no such amendment has been made as to the instructions and we cannot consider them. We feel bound to hold this by the decision of the Supreme Court in State v. Revely, supra, reluctant as we are to determine cases on what at first glance appears to be a sacrifice of substance to mere form. But here there is more than mere lack of form. Instructions can only become of record when made so by being incorporated into the bill of exceptions. The mere fact that they are filed with the clerk, no more makes them a part of the record than does the filing of a motion. In the case at bar there is no suggestion that the bill of exceptions called for the insertion of the instructions. Hence we have not any before us. The fact that counsel sees fit, apparently without any authority, to insert what he designates as instructions in the record proper, does not make them part of that record, even if that could be done by the court itself or by the clerk. It seems very remarkable, that in the light of the almost innumerable decisions by our Supreme Court, as well as of this and of the other appellate courts, counsel, even those of long practice and great experience, should disregard the most elementary of those decisions.

The point made against the bill of exceptions is not tenable. It appears by the record that it was filed. It appears to have been signed by the judge who was

presiding in the court when it was filed. This is all that is required. [Fenn v. Reber, 153 Mo. App. 219, 132 S. W. 627.]

Turning to the abstract of the bill of exceptions and to that of the record proper, there are matters that are properly before us for review. Thus we have properly before us the action of the trial court in the reception and rejection of testimony. From this it appears that the plaintiff introduced no evidence of the market value of the 70,000 hoops. Counsel for defendant offered to prove by the testimony of witnesses present, the market price of barrel hoops of the quality called for in the contract at the place of delivery between the dates for delivery, and to prove by witnesses present that the market price of such hoops at the time and place mentioned was in excess of the contract price; that there was a strong demand for them at that time and that plaintiff might have sold them at a larger price than the contract price. Objection was made to this testimony on the ground that this contract in evidence was an executed contract, evidencing a present sale, and not an executory one. This objection was sustained and the proof excluded. Exception was duly saved by defendant to this. At the conclusion of the case made for plaintiff, defendant requested the court to instruct the jury that plaintiff was not entitled to recover on the evidence introduced. This same demurrer to the evidence was interposed at the close of all the testimony in the case and was again overruled. These demurrers and the action of the court thereon and the exceptions of the defendant, are properly preserved in and by the bill of exceptions.

We are unable to distinguish the contract here, in its legal effect, from that construed by our Supreme Court in Brown v. Trinidad Asphalt Mfg. Co., 210 Mo. 260, 109 S. W. 22. In the case at bar the second count of the petition sets out that pursuant to the

162 App.—24

contract between plaintiff and defendant, and in further performance of its terms, plaintiff prepared 70,000 six-foot hoops, the remainder of the 400,000 sold, and delivered the same to the cars at Knobel, Ark., within a reasonable time and offered and tendered the same to defendant at the contract price but that defendant refused and declined to receive or accept the 70,000 hoops so tendered by this plaintiff or any part thereof and declined to pay plaintiff for them and has at all times and up to the present time declined and refused to so receive, accept or pay for them. By the contract pleaded and given in evidence, the delivery was to be made to defendant f. o. b. cars at Knobel and before acceptance of the hoops or payment for them, defendant was given the right and the privilege to inspect them and to reject such as failed to come up to the requirements of the contract. There was no separation of the 400,000 hoops nor delivery *in praesenti* by plaintiff to defendant; no separation of this particular 400,000 hoops from any other hoops that plaintiff may have had; no evidence tending to show that these were all the hoops that he had. It is not such an executed contract as that which was before the Kansas City Court of Appeals in the case of Glass v. Blazer Bros., 91 Mo. App. 564, in which it was held that the sale had so completely passed title that replevin would lie. Under the facts in the case at bar, it does not appear that there was such a complete passage of title, delivery to defendant by plaintiff of the whole 400,000 hoops, that on failure to deliver to defendant by plaintiff of the whole lot or any part of it, defendant could maintain replevin. That defendant had never accepted these 70,000 hoops is evident by the second count of the petition, for that counts on the failure of defendant to accept, as ground for the demand for damages. [See, also, Meachem on Sales, sec. 501, (Ed. 1901).] The transaction, the contract here before us, seems to us to fall under the principle

of that before our Supreme Court in Brown v. Asphalt Co., supra. On the authority of this last cited case, we think that it was absolutely essential to a recovery of any damages more than nominal in this case, for the plaintiff to have himself proven the market value of these hoops at the time and place of delivery; it was certainly error when defendant undertook to make this proof itself, to exclude that. The exclusion of this proof which was offered is reversible error.

There is evidence in the case tending to show that after the making of the contract or at about the time of the making of it, the agent for defendant, who negotiated the contract, had made some arrangement with plaintiff as to shipments to be made, and that defendant, through its officers at St. Louis, where its principal office was situated, by correspondence, had given directions as to shipping the cars of hoops when loaded. The contract, however, makes no such provision. It is clear and unambiguous in its terms. If it is claimed that the parties by their acts had interpreted the contract otherwise than as written, or had acted on it in another way than as written, that was a matter for pleading on the part of plaintiff and he should have pleaded the contract as altered or modified or as interpreted by the acts of the parties under it. He did not do this but without amendment, and over the objection and exception of the defendant, introduced proof of the understanding. Counsel for the respective parties have made many other points which we do not think we can notice for they arise over the action of the court on instructions. These, except those asked for by defendant for an instruction on the evidence offered at the close of plaintiff's case in chief and again at the close of the case, are not before us. For the reason above stated, the judgment of the circuit court is reversed and the cause remanded. *Nortoni* and *Caulfield, JJ.*, concur.