This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BEHLES LAW FIRM, P.C., a New Mexico Professional Corporation,**

Plaintiff-Appellant,

v.                                                            **NO. 33,897**

**HUDSON ALBUQUERQUE, LLC, an Illinois Limited Liability Company doing business in the State of New Mexico,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan M. Malott, District Judge**

The Behles Law Firm, P.C.
Jennie D. Behles
Albuquerque, NM

for Appellant

Ronald Taylor Law Office
Ronald T. Taylor
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}     Behles Law Firm, P.C. (Plaintiff) appeals from the district court's judgment, which is supported by detailed findings and conclusions and a well-considered letter ruling. [RP 597, 699, 720] This Court's calendar notice proposed summary affirmance. [CN1] Plaintiff filed a motion for an order allowing designation of documentary exhibits, which this Court denied. [Ct. App. File] Despite this Court's denial of Plaintiff's motion, Plaintiff proceeded to file voluminous exhibits in this Court. [Ct. App. File] We request that Plaintiff comply with the orders of this Court in all future filings and cases. Plaintiff has also filed a memorandum in opposition that we have duly considered. [Ct. App. File, MIO] Unpersuaded, however, we affirm.

{2}     Plaintiff's amended docketing statement states the issues as follows: (1) "Findings of Fact as noted are not supported by substantial evidence, i.e., can the Findings of Fact of this Court be reasonably inferred from the totality of the evidence" [Amended DS 26]; (2) "The decision of the [d]istrict [c]ourt to award $9,000 to . . . Defendant on its [c]ounterclaim based on unjust enrichment is not in accord with the law and must be revised" [Amended DS 26]; (3) "The [c]ourt's decision to award $32,500 in attorney's fees is not in accord with the law" [Amended DS 27]; and (4) "The [c]ourt's decision that what happened here was not sufficient to constitute breach of lease and justify the Plaintiff in terminating the lease, while remaining in possession, is error as a matter of law." [Amended DS 28]

2

{3}     In the memorandum, Plaintiff persists in attempting to couch the issues as legal errors, and Plaintiff would have this Court reweigh the evidence and redo the credibility determinations, which, as we fully explained in the calendar notice, this Court does not do. [CN 6, MIO] We remain persuaded, moreover, that the analysis in the calendar notice, for the reasons set forth therein, appropriately and correctly resolves the issues of this case. Thus we hold that the district court did not err in holding that as a matter of law there was insufficient evidence to show that Plaintiff suffered damage of the magnitude contemplated by an action for breach of an implied covenant of quiet enjoyment (Issues 1, 2, and 4). As such, for example, we cannot say, as Plaintiff urges us to do [MIO 2], that as a matter of law, Defendant has been unjustly enriched when the district court correctly awarded Defendant the amounts due under the lease. Similarly, we explained in the calendar notice why we agree with the district court's decision, based on substantial evidence, that "what happened here" was not sufficient to constitute breach of the lease by Defendant; thus, we cannot say that the district court erred on this basis. [MIO 10] Further, while Plaintiff argues that the fact finder, here the trial judge at the bench trial, misinterpreted the testimony, we decline to reweigh the evidence or the credibility of the witnesses. [MIO 25-26] On Issue 3, attorney fees, we hold that the district court did not abuse its discretion in awarding attorney fees to Defendant as the prevailing party entitled to reasonable

attorney fees under the lease. Plaintiff's assertions to the contrary in the memorandum in opposition do not persuade us that the district court abused its discretion on this issue. [MIO 24]

**Breach of Quiet Enjoyment (Issues 1, 2, and 4)**

{4}     "[T]o state a claim for a breach of quiet enjoyment, the severity of interference must be such that the premises become unfit for the purpose for which they were leased." *Winrock Inn Co. v. Prudential Ins. Co. of Am.*, 1996-NMCA-113, ¶ 33, 122 N.M. 562, 928 P.2d 947. As such, "[t]o sustain a claim for breach of the covenant of quiet enjoyment, a tenant must show that he was actually or constructively evicted." *Id.* "Constructive eviction occurs when the landlord's actions substantially deprive the tenant of the beneficial use of the leased premises and the tenant vacates, or when the landlord acts maliciously and his actions are so severe as to interfere with the tenant's peaceful enjoyment of the premises." *Id.* "Acts which merely inconvenience the tenant do not constitute constructive eviction." *Id.*

{5}     This case involves a dispute over a commercial lease between Plaintiff law firm, as lessee, and Defendant Hudson Albuquerque, LLC (Defendant), as lessor. On March 6, 2012, Plaintiff filed a complaint for breach of lease and declaratory judgment asserting that Defendant breached the covenant of quiet enjoyment entitling Plaintiff to declaratory judgment and damages. [RP 1, 5] Defendant filed an answer denying Plaintiff's claims and counterclaimed for unpaid rent, operating expenses, and late

4

fees due and owing under the lease. [RP 39-42] The parties went to trial in January 2014. On March 3, 2014, the district court filed a letter decision, denying Plaintiff's claims and granting Defendant's counterclaims. [RP 597-601] On May 8, 2014, and May 14, 2014, the district court entered findings and conclusions and judgment for Defendant, awarding $39,381.30 in damages and $34,775 in attorney fees with all sums to bear interest at the rate 8.75% from date of judgment until paid.[RP 699, 720-21]

{6}     The district court's findings and conclusions listed the items about which Plaintiff complained in asserting breach of quiet enjoyment and constructive eviction, which, according to Plaintiff, justified cessation of lease payments, as well as damages for loss of income and profits. [RP 700, ¶ 10; RP 598] The district court's judgment, its letter decision, and its findings and conclusions indicate, however, that the district court did not find Plaintiff's witnesses credible as to the extent or magnitude of the items and events relating to the maintenance and plumbing incidents allegedly constituting Defendant's breach of quiet enjoyment of the lease, Plaintiff's constructive eviction, loss of profits, and other damages. [RP 701-702, ¶ 16, 17, 19, 20; RP 598-99; RP 599] The district court also did not find Plaintiff's witnesses credible in stating that Plaintiff utilized an extra approximately 275 square feet of the premises only as a wiring closet, when Defendant presented photographs that this

5

space was utilized for Plaintiff's law practice, containing office furniture, an operating computer, and active and closed file storage. [RP 700, ¶¶ 6-8; RP 702, ¶ 21; RP 600]

{7}    In contrast, Defendant presented witnesses the district court found credible, whose testimony conflicted with Plaintiff's witnesses' testimony as to the extent and magnitude of the alleged maintenance and plumbing issues. [RP 701-702, ¶¶ 16-20; RP 598-99] The district court noted that Plaintiff claimed the breaches were so extensive that Plaintiff had been constructively evicted and would vacate the premises in 60-90 days, but did not do so, continuing its operations there until termination of the lease in October 2012. [RP 701, ¶¶ 12-14] The district court's findings support the conclusion that Plaintiff was not constructively evicted because Defendant's actions did not substantially deprive Plaintiff of the beneficial use of the leased premises and Plaintiff did not vacate, nor did Plaintiff show that Defendant acted maliciously or that Defendant's actions were so severe as to interfere with Plaintiff's peaceful enjoyment of the premises. *See Winrock Inn Co.*, 1996-NMCA-113, ¶ 33. As such, the district court resolved the credibility of the witnesses and the conflicts in their testimony in favor of Defendant, concluding that Plaintiff did not meet its burden of proof to establish breach of any express or implied term of the lease. [RP 702, ¶¶ 20, 24] The district court further concluded that Defendant did meet its burden of proof on the counterclaims and, therefore, that Defendant was entitled to recover unpaid rent and late fees, as well as the fair rental value for Plaintiff's utilization of the extra 275

6

square feet as part as office space. [RP 599-600; RP 700, ¶¶ 7-8, 702, ¶¶ 20, 26] We agree.

{8}     We conclude that, as a matter of law, there is insufficient evidence to show that Plaintiff suffered damage of the magnitude contemplated by an action for breach of an implied covenant of quiet enjoyment. Based on the district court's assessment of the credibility of the witnesses and the weight to be given their testimony, and the district court's resolution of the conflicts in the testimony in favor of Defendant, the loss of a convenience presented by the maintenance and plumbing problems does not rise to the level of a breach of quiet enjoyment in this case. *See Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 ("In accordance with the standard of review, when considering a claim of insufficiency of the evidence, the appellate court resolves all disputes of facts in favor of the successful party and indulges all reasonable inferences in support of the prevailing party."); *see also Buckingham v. Ryan*, 1998-NMCA-012, ¶ 10, 124 N.M. 498, 953 P.2d 33 ("[W]hen there is a conflict in the testimony, we defer to the trier of fact."); *Tallman v. ABF (Arkansas Best Freight)*, 1988-NMCA-091, ¶ 3, 108 N.M. 124, 767 P.2d 363 (observing that, given that this Court lacks any opportunity to observe demeanor, we cannot weigh the credibility of live witnesses), *modified on other grounds by Delgado v. Phelps Dodge Chino, Inc.*, 2001-NMSC-034, 131 N.M. 272, 34 P.3d 1148. Accordingly, we affirm the district court on Issues 1, 2, and 4.

7

**Attorney Fees (Issue 3)**

{9}     "We review the award of attorney's fees for abuse of discretion." *Nava v. City of Santa Fe*, 2004-NMSC-039, ¶ 24, 136 N.M. 647, 103 P.3d 571 (internal quotation marks and citation omitted). Moreover, the amount of an award of attorney fees lies within the sound discretion of the trial court. *See Corliss v. Corliss*, 1976-NMSC-023, ¶ 15, 89 N.M. 235, 549 P.2d 1070.

{10}     The district court awarded Defendant attorney fees based on Section 31 M of the Lease, which allows for the prevailing party to recover reasonable attorney fees, as well as costs and expenses. [RP 600] The district court's judgment denied Plaintiff any recovery on its complaint and granted Defendant recovery on its counterclaims. [RP 720, ¶¶ 3-4] As the prevailing party, Defendant filed a verified petition in support of its claim for attorney fees, citing the applicable legal standard for determining a reasonable fee and the difficulty in the defense attributable to the type of Plaintiff's claims and extensive litigation; the voluminous exhibits filed; and Plaintiff's claims for a large amount of lost annual income and office expenses, all of which generated more litigation and required a large amount of time to research and disprove. [RP 674-75] Plaintiff objected to the verified petition. [RP 677]

{11}     Upon due consideration, the district court entered an order awarding Defendant attorney fees in the amount of $32,500 plus 7% in gross receipts tax, and denying Defendant its cost bill. [RP 705-06] The district court's order contains findings,

indicating that the amount arrived at was based on its consideration of the experience, hourly fee, and reputation of Defendant's attorney; the hotly contested nature of the litigation; a two-day trial; and its assessment of a reasonable amount of attorney time invested. [Id.]

{12}     Under the circumstances, we cannot say that the district court abused its discretion in its award of attorney fees. *See In re Estate of Greig*, 1988-NMCA-037, ¶ 22, 107 N.M. 227, 755 P.2d 71 (observing that the appellate court only overturns an attorney fee award when the trial court's decision was clearly against the logic and effect of the facts and circumstances before the court). Accordingly, we affirm the district court on Issue 4.

{13}     We affirm the district court's judgment, its findings and conclusions, and its letter decision.

{14}     **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**M. MONICA ZAMORA, Judge**